WELCH v DISTRICT COURT

Docket Nos. 158855, 166803. Submitted October 4, 1995, at Lansing. Decided January 23, 1996, at 9:00 A.M. Leave to appeal sought.

Kelli M. Welch received a traffic citation for speeding and, following her admission of responsibility, the clerk of the district court entered a judgment of civil responsibility. Welch, who was not yet seventeen years old, paid her fine and costs and did not appeal directly from the judgment. Welch brought an action in the Court of Claims against the district court and the Secretary of State more than three years later, alleging that the district court did not have jurisdiction over her with regard to the civil infraction and that the probate court had exclusive jurisdiction. The Court of Claims, Michael G. Harrison, J., granted summary disposition for the defendants, finding that the Court of Claims lacked jurisdiction. In the alternative, the Court of Claims held that the district court does have jurisdiction over civil infractions committed by persons under seventeen. The plaintiff appealed (Docket No. 158855). Welch then filed the same claim and requests for relief in the Gratiot Circuit Court. The court, Jeffrey L. Martlew, J., granted summary disposition for the defendants, finding that the doctrine of res judicata barred the plaintiff's claim. The plaintiff appealed (Docket No. 166803). The appeals were consolidated.

The Court of Appeals *held:*

1. The Court of Claims erred in holding that it lacked exclusive jurisdiction to hear the plaintiff's claim in Docket No. 158855. However, the alternative holding of the Court of Claims was correct. The district court, not the probate court, has jurisdiction over minors who have committed civil infractions of the Michigan Vehicle Code.

2. The plaintiff failed to appeal directly from the district court's judgment entered with regard to her admission of responsibility within the seven-day period provided. A party

REFERENCES

Am Jur 2d, Appellate Review §§ 150, 614; Courts §§ 14-15; Judgments § 26.

See ALR Index under Appeal and Error; Courts; District Courts; Probate Courts and Proceedings.

may collaterally attack or challenge subject-matter jurisdiction only on direct appeal. The Court of Claims did not err in granting the defendants' motion for summary disposition. The judgment in Docket No. 158855 must be affirmed.

3. Even if the circuit court erred in holding that the plaintiff's claim was barred by res judicata, the plaintiff's claim had no merit and the circuit court's judgment in Docket No. 166803 must be affirmed.

4. The plaintiff did not preserve for review the circuit court's denial of her motion to disqualify the circuit court judge.

Affirmed.

1. COURTS — COURT OF CLAIMS — JURISDICTION.

The Court of Claims has exclusive jurisdiction to hear and determine all claims against the state and any of its departments, commissions, boards, institutions, arms, or agencies; a claim seeking money damages against the state, in addition to equitable or declaratory relief, may be filed only in the Court of Claims (MCL 600.6419[1][a]; MSA 27A.6419[1][a]).

2. COURTS — DISTRICT COURT — MINORS — MICHIGAN VEHICLE CODE — CIVIL INFRACTIONS.

The district court, not the probate court, has jurisdiction over minors who commit civil infractions of the Michigan Vehicle Code (MCR 5.903[A][3], [B][4]; MCL 257.741[5]; MSA 9.2441[5]).

3. APPEAL — SUBJECT-MATTER JURISDICTION — COLLATERAL ATTACKS.

A party may collaterally attack or challenge a trial court's finding regarding subject-matter jurisdiction only on direct appeal.

4. APPEAL — MOTIONS FOR DISQUALIFICATION — PRESERVING ISSUE.

A party whose motion for disqualification of a trial court judge is denied by that judge must seek review of that denial from the chief judge of the trial court in order to preserve the issue for appeal (MCR 2.003[C][3][a]).

*Abood & Doyle, P.C.* (by *Richard J. Abood* and *Thomas A. Doyle*), for the plaintiff.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Deborah Anne Devine* and *Socorro Guerrero,* Assistant Attorneys General, for the defendants.

Before: WAHLS, P.J., and O'CONNELL and SMO-
LENSKI, JJ.

PER CURIAM. Plaintiff appeals as of right from
orders of summary disposition for defendants in
these claims arising out of civil infractions of the
Michigan Vehicle Code. We affirm.

Plaintiff received a traffic citation for speeding.
On June 9, 1989, the district court clerk entered a
judgment of civil responsibility and plaintiff paid
her fine and costs. Plaintiff did not appeal directly
from the judgment entered with regard to her
admission of responsibility.

Over three years later, on July 24, 1992, plaintiff
filed suit in the Court of Claims, alleging that the
district court did not have jurisdiction over her
with regard to the civil infraction. Plaintiff
claimed that the probate court had exclusive juris-
diction because she was under the age of seven-
teen at the time that the district court entered its
judgment. The Court of Claims dismissed plaintiff's
claim, holding that the claim did not satisfy the
jurisdictional requirements of the Court of Claims.
In the alternative, the Court of Claims held that
the district court does have jurisdiction over civil
infractions committed by persons under seventeen
years of age. In Docket No. 158855, plaintiff ap-
peals from the Court of Claims order granting
defendants' motion for summary disposition.

On March 31, 1993, plaintiff filed the same claim
and requests for relief in the Gratiot Circuit Court.
On July 12, 1993, the circuit court granted defend-
ants' motion for summary disposition, finding
that the doctrine of res judicata barred plaintiff's
claim. Plaintiff appeals from this order in Docket
No. 166803. The appeals were consolidated.

I

Plaintiff argues that the Court of Claims had jurisdiction over her claim. We agree. The Court of Claims has exclusive jurisdiction to hear and determine all claims "against the state and any of its departments, commissions, boards, institutions, arms, or agencies." MCL 600.6419(1)(a); MSA 27A.6419(1)(a). A complaint seeking money damages against the state, in addition to equitable or declaratory relief, may be filed only in the Court of Claims. *Silverman v Univ of Michigan Bd of Regents,* 445 Mich 209, 217; 516 NW2d 54 (1994). Because plaintiff sought money damages against agencies of the state in her complaint, the Court of Claims had exclusive jurisdiction to hear plaintiff's claim in Docket No. 158855. *Id.*

Despite the error of the Court of Claims, we affirm the order granting defendants' motion for summary disposition. The Court of Claims recognized that this Court might reverse with regard to the issue of jurisdiction and held in the alternative that the district court has jurisdiction over minors charged with civil infractions for violations of the Michigan Vehicle Code. This Court will not reverse where the right result is reached for the wrong reason. *Glazer v Lamkin,* 201 Mich App 432, 437; 506 NW2d 570 (1993).

This alternative holding was correct. The district court has jurisdiction over minors who have committed civil infractions of the Michigan Vehicle Code. MCL 257.741(5); MSA 9.2441(5). In addition, the court rules regarding delinquency proceedings in the probate court state that a delinquency proceeding "means a proceeding concerning an offense by a juvenile" and that an offense by a juvenile means "an act which violates a traffic law other than an offense designated as a

civil infraction." MCR 5.903(A)(3) and (B)(4). Accordingly, it was the district court, and not the probate court, that had jurisdiction to consider plaintiff's civil infraction.

Alternatively, a party may collaterally attack or challenge subject-matter jurisdiction only on direct appeal. *In re Hatcher,* 443 Mich 426, 439; 505 NW2d 834 (1993). The Court noted in *Hatcher,* pp 439-440, that if collateral attacks were possible years after an error was made involving subject-matter jurisdiction, then the trial court's decisions "'would forever remain open to attack, and no finality would be possible.'" (Citation omitted.)

A person may appeal from a judgment based on an admission of responsibility for a civil infraction as a matter of right within seven days of the judgment. MCR 4.101(G)(1)(a) and (c). Here, however, plaintiff failed to appeal from the district court's judgment of civil responsibility regarding the traffic citation. Instead, she collaterally attacked this judgment almost three years later. Because plaintiff has not challenged the citation as "frivolous," the proceeding was of a class that the district court was authorized to adjudicate, and a direct appeal was available, plaintiff may not now collaterally attack the subject-matter jurisdiction of the district court. *Hatcher, supra,* p 444. Accordingly, in Docket No. 158855, the Court of Claims did not err in granting defendants' motion for summary disposition. *Id.; Glazer, supra,* p 437.

II

Plaintiff argues in Docket No. 166803 that the circuit court erred in granting defendants' motion for summary disposition. We disagree. Even assuming arguendo that plaintiff's claim was not barred by res judicata, it had no merit. As stated

earlier, the district court specifically has jurisdiction over minors who have committed civil infractions of the Michigan Vehicle Code. MCL 257.741(5); MSA 9.2441(5). In addition, plaintiff cannot collaterally attack the subject-matter jurisdiction of the district court years after a judgment was entered. *Hatcher, supra,* p 444. Finally, the Court of Claims was the proper court to hear plaintiff's claim. *Silverman, supra,* p 217. Thus, even assuming that the circuit court erred in deciding defendants' motion on the basis of res judicata, we would not reverse the court's decision. *Glazer, supra,* p 437.

### III

Finally, plaintiff argues that the circuit court judge should have disqualified himself because he had a vested income interest. Plaintiff noted that at least seventy-five cents from each fine paid to the district court was allocated to the judicial retirement fund and that the circuit court judge was formerly a district court judge. This question is moot because of our disposition of issue II. In any case, to preserve for appellate review the issue of a denial of a motion for disqualification of a trial court judge, a party must request referral to the chief judge of the trial court after the trial court judge's denial of the party's motion. MCR 2.003(C)(3)(a); *Law Offices of Lawrence J Stockler, PC v Rose,* 174 Mich App 14, 23; 436 NW2d 70 (1989). Because plaintiff did not seek review of the denial of her motion for disqualification from the chief judge of the circuit court, plaintiff has not preserved this issue for review. *Id.,* p 23.

Affirmed.