PEOPLE v CLEMENT

Docket No. 240865. Submitted October 1, 2002, at Detroit. Decided
December 13, 2002, at 9:00 A.M. Leave to appeal sought.

David Clement, charged in the Oakland Circuit Court with operating a
motor vehicle while under the influence of intoxicating liquor, third
offense, moved to quash the information, arguing that he did not
have two prior drunken driving convictions and therefore could not
be properly charged with OUIL 3d because the 20th District Court,
on February 14, 2002, had allowed him to withdraw his 1995 guilty
plea to a charge of impaired driving. The circuit court, Rudy J.
Nichols, J., denied the motion. The defendant appealed by leave
granted.

The Court of Appeals *held*:

1. Pursuant to an amendment effective September 1, 2000, MCR
6.610(E)(7)(a) provides that after the imposition of sentence, a
defendant may file a motion to withdraw a plea in the district court
within the time for filing an application for leave to appeal under
MCR 7.103(B)(6), which, pursuant to an amendment effective Sep-
tember 1, 2000, provides that a delayed application for leave to
appeal in the circuit court may not be filed more than six months
after entry of the order or judgment on the merits. With respect to
judgments entered before September 1, 2000, the six-month period
begins on September 1, 2000. Because the defendant's motion to
withdraw his plea was dilatory, the district court erroneously
allowed the defendant to withdraw his guilty plea.

2. Given the dilatory motion to withdraw the plea, the district
court was without jurisdiction to hear the motion, and the circuit
court correctly disregarded the district court order setting aside the
1995 conviction.

3. Application of the six-month time limit to the defendant does
not violate the constitutional prohibition of ex post facto laws, US
Const, art I, § 10, cl 1; US const, art I, § 9, cl 3; Const 1963, art 1,
§ 10. The prohibition against ex post facto laws was intended to
secure substantial personal rights against arbitrary and oppressive
legislation, and not to limit control of remedies and procedure that
do not affect matters of substance. The court rule amendments at
issue in this case relate to procedure. The amendments did not

criminalize a theretofore innocent act, did not aggravate a crime previously committed, did not provide greater punishment for a crime, and did not change the proof necessary for a conviction.

Affirmed and remanded for further proceedings.

Criminal Law — Guilty Pleas — Withdrawal — District Court.

A defendant who pleaded guilty of a criminal charge in the district court before September 1, 2000, had six months after that date to move for a withdrawal of the plea; the district court is without jurisdiction to hear a motion to withdraw if the motion was not made within that six-month period (MCL 6.610[E][7][a], 7.103[B][6]).

*Jennifer M. Granholm*, Attorney, *Thomas L. Casey*, Solicitor General, *David G. Gorcyca*, Prosecuting Attorney, *Joyce F. Todd*, Chief, Appellate Division, and *Marilyn J. Day*, Assistant Prosecuting Attorney, for the people.

*Christopher P. Aiello, P.C.* (by *Aaron D. Geyer*), for the defendant.

Before: Griffin, P.J., and Gage and Meter, JJ.

Meter, J. Defendant appeals by leave granted from an order denying his motion to quash an information charging him with operating a motor vehicle while being under the influence of intoxicating liquor (OUIL) or while having an unlawful blood alcohol content (UBAL), third offense (OUIL 3d), MCL 257.625(1) and MCL 257.625(8)(c). We affirm.

The police arrested defendant in Oakland County in January 2001 for operating under the influence of alcohol. Defendant was charged with OUIL 3d because of two prior convictions in Wayne County, one in the 20th District Court in 1995, for impaired driving, and one in the 21st District Court in 1996, for UBAL. Defendant waived his right to a preliminary examination in

the district court and was bound over for trial in the Oakland Circuit Court.

Defendant then filed an emergency motion in Wayne County to withdraw the guilty plea entered in the 20th District Court in the 1995 impaired driving case. Defendant claims in his brief filed with this Court that his motion was based on the deprivation of counsel. The district court granted the motion in an order dated February 14, 2002.[1] Defendant then filed a motion in the Oakland Circuit Court to quash the information in the instant case, arguing that he could not be charged with OUIL 3d because he now had only one prior conviction for enhancement purposes under MCL 257.625(23).

The trial court denied defendant's motion to quash, reasoning, in part, that the order setting aside the 1995 impaired driving conviction was invalid because defendant moved to set aside that conviction years after being sentenced and only after being charged with OUIL 3d.

On appeal, defendant contends that the trial court erred in denying the motion to quash. This Court reviews a trial court's decision with regard to a motion to quash an information for an abuse of discretion. *People v Hamblin*, 224 Mich App 87, 91; 568 NW2d 339 (1997). An abuse of discretion occurs if an unbiased person, considering the facts on which the trial court based its decision, would find no justification for the ruling made. *People v Orzame*, 224 Mich App 551, 557; 570 NW2d 118 (1997). To the extent our analysis involves the interpretation of court rules or

---

[1] The order does not set forth the district court's reasons for setting aside the 1995 conviction.

questions of subject-matter jurisdiction or constitutional law, our review is de novo. *CAM Constr v Lake Edgewood Condo Ass'n*, 465 Mich 549, 553; 640 NW2d 256 (2002); *Etefia v Credit Technologies, Inc*, 245 Mich App 466, 472; 628 NW2d 577 (2001); *People v Conat*, 238 Mich App 134, 144; 605 NW2d 49 (1999).

MCR 6.610(E)(7) sets forth the time limit for challenging a guilty plea in district court. It states, in part:

> The following provisions apply where a defendant seeks to challenge the plea.
>
> (a) A defendant may not challenge a plea on appeal unless the defendant moved in the trial court to withdraw the plea for noncompliance with these rules. Such a motion may be made either before or after sentence has been imposed. After imposition of sentence, the defendant may file a motion to withdraw the plea within the time for filing an application for leave to appeal under MCR 7.103(B)(6).

MCR 7.103(B)(6) states that a "delayed application [for leave to appeal in the circuit court] may not be filed more tha[n] 6 months after entry of the order or judgment on the merits."

Defendant contends that the six-month deadline for challenging a district court guilty plea does not apply to his 1995 conviction because the amended rules setting forth this deadline—MCR 6.610(E)(7)(a) and MCR 7.103(B)(6)—did not take effect until September 1, 2000. We agree that defendant was not required to challenge his guilty plea within six months of the entry of the 1995 conviction, because the rules in question had not been amended at that point.

However, the staff comment to the September 2000 amendment of MCR 6.610 states:

The amendment of MCR 6.610(E)(7) [effective September 1, 2000] establishes time limits for moving to withdraw pleas in district court criminal cases, comparable to those in circuit court cases. See MCR 6.311. New MCR 6.610(H) sets time limits for filing a motion for a new trial in district court criminal cases.

The amendment of MCR 7.103(B)(6) [effective September 1, 2000] places a 6-month time limit on applications for leave to appeal to circuit court, corresponding to the 12-month limit applicable in appeals to the Court of Appeals. See MCR 7.205(F)(3). *As to judgments entered before the effective date of the amendment, the 6-month period specified in MCR 7.103(B)(6) begins on the effective date, September 1, 2000.* [Emphasis added.]

The staff comment to the 2000 amendment of MCR 7.103 reiterates:

The amendment of MCR 7.103(B)(6) [effective September 1, 2000] places a 6-month time limit on applications for leave to appeal to circuit court, corresponding to the 12-month limit applicable in appeals to the Court of Appeals. See MCR 7.205(F)(3). *As to judgments entered before the effective date of the amendment, the 6-month period specified in MCR 7.103(B)(6) begins on the effective date, September 1, 2000.* [Emphasis added.]

These staff comments make clear that defendant had six months from September 1, 2000, to challenge his 1995 guilty plea. We acknowledge that staff comments are not part of the text of a court rule and that their interpretation of the rules is not binding. *People v Petit*, 466 Mich 624, 632, n 9; 648 NW2d 193 (2002). Staff comments are published for the benefit of the bench and bar, but are not authoritative. See *Michigan Coalition of State Employee Unions v Michigan Civil Service Comm*, 465 Mich 212, 232; 634 NW2d 692 (2001). Nevertheless, we conclude that the staff

comments at issue in this case represent a correct interpretation of the law and that the challenge defendant made to his 1995 guilty plea was indeed prohibited as dilatory.

A particularly instructive case is *People v Ward*, 459 Mich 602; 594 NW2d 47 (1999), amended 460 Mich 1204 (1999). In *Ward*, the defendant pleaded guilty in February 1995 to a charge of OUIL 2d. *Id.* at 605. Although the defendant was represented by an attorney at the plea proceedings, the district court that accepted the plea did not comply with other plea-taking requirements of MCR 6.610(E). *Ward, supra* at 606. In February 1996, the defendant was again arrested for driving under the influence of alcohol and was charged with OUIL 3d. *Id.* The defendant then moved to withdraw his 1995 guilty plea because of the court rule violations, and the district court granted the motion. *Id.* at 606-607.

The Supreme Court held that the district court abused its discretion in setting aside the defendant's OUIL 2d conviction. *Id.* at 611-612. The Court noted the following:

> [B]ecause the validity of the plea was contested merely out of subsequent sentencing concerns, defendant's ability to directly attack his OUIL 2d conviction was foreclosed when he was arrested and charged with OUIL 3d.
>
> \*      \*      \*
>
> . . . Defendant has never claimed actual innocence, and the principal motivation behind the motion is plainly extrication from the sentencing implications of OUIL 3d. [*Id.* at 612-614.]

The Court further noted:

> Similarly, where an appeal to the Court of Appeals is delayed by more than twelve months after judgment, appeal is foreclosed and defendant is limited to the post-appeal relief provisions under MCR 6.501 *et seq.* MCR 7.205(F)(3). In essence, a long delayed direct appeal is treated as collateral. *No principle countenances giving a defendant in district court greater freedom to attack a plea-based conviction than our rules allow for felony convictions.* [*Ward, supra* at 614 (emphasis added).]

Finally, the Court noted, "In view of the ambiguity in the rules regarding delayed appeals, we are today, by separate order, publishing for comment proposed amendments of MCR 6.610 and 7.103 to clarify the time limits for challenging plea-based convictions in district court." *Ward, supra* at 614-615.

The amendments of MCR 6.610(E)(7)(a) and MCR 7.103(B)(6) make clear the Supreme Court's intention to unequivocally foreclose appeals of district court guilty pleas brought over six months after entry of the judgment. Moreover, the interplay of *Ward,* MCR 6.610(E)(7)(a), and MCR 7.103(B)(6) convinces us that the staff comment to the September 2000 amendment of MCR 6.610(E)(7)(a) and the staff comment to the 2000 amendment of MCR 7.103(B)(6) are entirely correct: A defendant who pleaded guilty to an offense in district court before the effective date of the amendments had only six months from September 1, 2000, to challenge the plea. Any other interpretation would contravene the *Ward* Court's strong disavowal of delayed challenges to guilty pleas and the Court's corresponding intent to limit the period for challenging a plea-based conviction. Defendant missed the six-month deadline in the instant case, and therefore the district court erroneously allowed defendant to withdraw his guilty plea in the 1995 case.

Defendant contends, however, that we are not at liberty to invalidate the district court's ruling because the prosecutor in the 1995 case did not appeal that ruling. He further argues that the Oakland County prosecutor in this case had no jurisdiction to challenge the ruling concerning the 1995 conviction, because the conviction and ruling occurred in Wayne County. We disagree, because the issue involved is one of jurisdiction.

"The term jurisdiction refers to the power of a court to act and the authority a court has to hear and determine a case." *In re Waite*, 188 Mich App 189, 196-197; 468 NW2d 912 (1991). The district court had a responsibility to take notice that it lacked subject-matter jurisdiction regardless of whether the parties raised the issue. *In re AMB*, 248 Mich App 144, 166-167; 640 NW2d 262 (2001). A court is bound to notice the limits of its authority and to sua sponte "recognize its lack of jurisdiction or any pertinent boundaries on its proper exercise." *People v Erwin*, 212 Mich App 55, 64-65; 536 NW2d 818 (1995). Moreover, as stated in *Waite, supra* at 197, "When a court is without jurisdiction of the subject matter, its acts and proceedings are of no force and validity; they are a mere nullity and are void. . . . Thus, an order entered without jurisdiction may be challenged collaterally as well as directly." Because the district court was without jurisdiction under the court rules and thus was without authority to act, the trial court correctly disregarded the order setting aside the 1995 conviction.[2]

---

[2] We note for the sake of completeness that the district court erred in setting aside the 1995 conviction under the explicit language from *Ward*, even disregarding the amended court rules at issue here. The *Ward* Court noted the fourteen-month delay in the defendant's challenge to his plea

Defendant contends that applying the six-month time limit to his situation would violate the constitutional prohibition of ex post facto laws. See US Const, art I, § 10, cl 1; US Const, art I, § 9, cl 3; and Const 1963, art 1, § 10. However, defendant's treatment of this issue is so cursory that we need not address it. See, generally, *People v Leonard*, 224 Mich App 569, 588; 569 NW2d 663 (1997). At any rate, even if we *were* to address this issue, we would find no constitutional violation, because the amendments at issue here relate to procedure. The prohibition against ex post facto laws " 'was intended to secure substantial personal rights against arbitrary and oppressive legislation, and not to limit . . . control of remedies and procedure that do not affect matters of substance.' " *People v Jackson*, 465 Mich 390, 402; 633 NW2d 825 (2001), amended 465 Mich 1209 (2001), quoting *People v Russo*, 439 Mich 584, 592; 487 NW2d 698 (1992). Moreover, the amendments at issue did not criminalize a theretofore innocent act, did not aggravate a crime previously committed, did not provide greater punishment for a crime, and did not change the proof necessary for a conviction. *Jackson, supra* at 402. Finally, defendant had six months after the effective date of the amendments to challenge his

---

and noted that the challenge occurred only after the defendant was charged with OUIL 3d. *Ward, supra* at 612. It explicitly stated that the defendant's challenge was "foreclosed" *because it resulted from subsequent sentencing concerns. Id.* The instant case presents facts analogous to those at issue in *Ward.* Indeed, defendant waited *over five years* to challenge his guilty plea, and he did so only after being charged with OUIL 3d. Therefore, a challenge by the prosecutor to the district court's order of dismissal in defendant's 1995 case would have been meritorious under *Ward,* even disregarding the amendments of MCR 6.610(E)(7)(a) and MCR 7.103(B)(6).

1995 conviction and thus cannot complain that the amendments severely prejudiced him.

The trial court correctly concluded that defendant had two prior convictions for purposes of MCL 257.625(23). Accordingly, the court properly rejected defendant's motion to quash the OUIL 3d information.[3]

Affirmed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

---

[3] We note that under MCR 6.610(E)(2), a district court conviction obtained by guilty plea may not be used to enhance a later sentence or charge "unless a defendant who is entitled to appointed counsel is represented by an attorney or waives the right to an attorney." However, if the conviction did not *actually* result in imprisonment, the conviction may be used for enhancement purposes regardless of the involvement of counsel. See, generally, *People v Reichenbach*, 459 Mich 109, 120; 587 NW2d 1 (1998). The record before us sheds little light on the situation surrounding defendant's 1995 conviction. However, because defendant did not raise the issue of MCR 6.610(E)(2) either below or on appeal to this Court, we assume that it does not apply to his situation (i.e., that he either was not entitled to appointed counsel at the time of the 1995 plea or that his conviction did not result in actual incarceration).