# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
May 14, 2015

Plaintiff-Appellee,

v

No. 322592
Saginaw Circuit Court

TOD KEVIN HOUTHOOFD,

LC No. 05-025865-FH

Defendant-Appellant.

Before: BOONSTRA, P.J., and SAAD and MURRAY, JJ.

PER CURIAM.

This case is again before the Court after the trial court resentenced defendant to a prison term of 420 to 720 months for his conviction of solicitation to commit murder, MCL 750.157b. Defendant appeals as of right. As the prosecution concedes, because the trial court lacked jurisdiction when resentencing defendant, we vacate his sentence and remand for resentencing.

## I. FACTS AND PROCEDURAL HISTORY

The case was before this Court in *People v Houthoofd,* unpublished opinion per curiam of the Court of Appeals, issued February 3, 2009 (Docket No. 269505) (*Houthoofd I*), rev'd in part and remanded 487 Mich 568 (2010), *People v Houthoofd (On Remand)*, unpublished opinion per curiam of the Court of Appeals, issued December 2, 2010 (Docket No. 269505) (*Houthoofd II*), and *People v Houthoofd*, unpublished opinion per curiam of the Court of Appeals, issued February 18, 2014 (Docket No. 312977) (*Houthoofd III*). *Houthoofd III* summarized the procedural history of the case:

> This case stems from three lower court cases that were consolidated and tried together in 2006. Following a jury trial, defendant was convicted of obtaining property (tractor, tiller, and trailer) valued over $100 by false pretenses, MCL 750.218, witness intimidation, MCL 750.122, and solicitation to commit murder, MCL 750.157b. He was sentenced to a term of five to ten years' imprisonment for the false-pretenses conviction, ten to 15 years' imprisonment for the witness-intimidation conviction, and 40 to 60 years' imprisonment for the solicitation conviction. Defendant appealed as of right to this Court, which affirmed defendant's convictions and sentences for false pretenses and witness intimidation, but vacated his conviction and sentence for solicitation due to improper venue. However, our Supreme Court determined that venue is subject

-1-

to the harmless error rule and reinstated defendant's conviction for solicitation. Additionally, the Court remanded the case to this Court "for consideration of whether the trial court failed to articulate substantial and compelling reasons for upwardly departing from the guidelines when imposing defendant's sentences for the solicitation and witness intimidation convictions." On remand, this Court vacated defendant's sentence for solicitation and remanded for the trial court to determine whether the departure was warranted, and if so, to explain its reasoning in accordance with *People v Smith*, 482 Mich 292; 754 NW2d 284 (2008). This Court did not address defendant's sentence for the witness-intimidation conviction because defendant did not raise the issue on appeal. Resentencing for defendant's solicitation conviction was held on September 27, 2012. The trial court resentenced defendant to a term of 40 to 60 years' imprisonment, which was the same as the original sentence. [*Id.* at 1-2 (some citations omitted).]

On appeal after the second resentencing, defendant raised a number of issues, including the assignment of retired Judge Lynda Heathscott, who had proceeded over the trial, to conduct the sentencing proceeding on remand. The Court noted that in vacating defendant's original sentence, it:

expressed awareness that Judge Heathscott had retired and that a new judge would resentence defendant. In a footnote highly pertinent to this appeal, this Court made the following observation:

While the prosecution requests that this Court remand any further proceedings to the original trial court judge in her retired capacity, the prosecution has provided no authority allowing this Court to do so. A party may not leave it to this Court to search for authority to sustain or reject its position. [*Id.* at 4 (citations omitted).]

The Court explained the procedure that the trial court had used in reassigning Judge Heathscott to resentence defendant:

On remand to the circuit court, Judge Janet Boes, Judge's Heathscott's successor, was assigned to resentence defendant. Judge Boes promptly disqualified herself. She signed a form created by the State Court Administrative Office (SCAO) titled, "Order of Disqualification/Reassignment." On the form, Judge Boes averred that she disqualified herself from resentencing defendant because she "was employed as an assistant prosecutor in the prosecutor's office, from 1989 to August 2008."

Rather than randomly selecting another judge to conduct defendant's resentencing, the chief judge pro tem of the Saginaw circuit court signed and transmitted to SCAO an "Internal Reassignment Request" attesting that Judge Heathscott "has been chosen by lot or local administrative order from the judges not disqualified in this case. I request that this case be reassigned to this judge." On a separate form, a Saginaw circuit court employee stated that Judge Heathscott was being assigned to "assist with docket." When defendant challenged Judge Heathscott's assignment in the circuit court, Chief Judge Robert Kaczmarek

issued a written opinion rebuffing defendant's motion. According to Judge Kaczmarek's opinion, Michigan's Constitution allows retired judges to perform further judicial services, and Saginaw County's "heavy caseload" justified the circuit court's request that SCAO assign a judge to "assist with docket." Judge Kaczmarek reasoned, "[R]esentencing by a different judge unfamiliar with this case would further burden the Tenth Circuit Court bench with review of the considerable case materials in this matter."

We do not question Judge Kaczmarek's conclusions that reassignment to a different judge would be burdensome for the Saginaw circuit court, or that Michigan's Constitution permits retired judges to serve as judicial officers in certain circumstances. Our concern flows from the manner in which the Saginaw circuit court handled the reassignment of defendant's sentencing to Judge Heathscott. Rigorous adherence to the rules governing the assignment and reassignment of judges preserves the public's confidence in judicial propriety. Here, the rules were bent. This resulted in a justifiable perception that the prosecution obtained the result it wished for and which this Court had pointedly refused to award: assignment of Judge Heathscott as the resentencing judge. [*Id.* at 4-5 (alteration in original).]

This Court again vacated defendant's sentence for solicitation of murder and remanded for resentencing "before a Saginaw circuit judge assigned by random draw" after concluding that "defendant is justified in complaining that the procedure employed worked an end-run around this Court's ruling, and contravened the court rule." *Id.* at 6.

On remand to the trial court, Judge Janet Boes was again assigned to resentence defendant and again disqualified herself. She signed the SCAO "Order of Disqualification/Reassignment form" and averred that she disqualified herself from resentencing defendant because she had "been consulted or employed as an attorney in the matter in controversy." The lower court record contains an "Internal Reassignment Request" attesting that Judge Darnell Jackson had then "been chosen by lot or local administrative order from the judges not disqualified in this case." The chief judge of the circuit court approved the reassignment.

On April 10, 2014, defendant filed an application for leave to appeal this Court's decision in *Houthoofd III*.[1] While that application was pending, defendant moved to disqualify both Judge Jackson and all of the Saginaw Circuit Court judges. He asserted that the order of disqualification pertaining to Judge Boes disqualified all of the Saginaw Circuit Court judges, and that Judge Jackson was disqualified because he had presided over a prisoner reimbursement case brought by the state against defendant and had made comments regarding defendant's earliest release date before sentencing defendant in this matter. Judge Jackson denied the motion to disqualify, stating in part as follows:

---

[1] The Supreme Court denied the application on July 29, 2014. *People v Houthoofd*, 496 Mich 866; 849 NW2d 376 (2014).

In terms of your two reasons for me to disqualify myself, that this disqualification reassignment memo disqualified the entire Tenth Circuit Court, it did not.

In terms of the civil action, why I've entered an order saying that the earliest release date, at this point in time as far as this Court is concerned, it still is until he's resentenced. Therefore, both of your grounds are denied at this point in time.

## II. JURISDICTION TO SENTENCE

Defendant first argues that his sentence must be vacated because the trial court did not have jurisdiction to resentence him while his timely leave application to the Supreme Court was pending. Plaintiff agrees that defendant's application for leave to appeal was timely and should have stayed the proceedings on remand.

MCR 7.302(C)(5) provides, in part as follows:

If a party appeals a decision which remands for further proceedings as provided in subrule (C)(4)(a),[2] the following provisions apply:

(a) If the Court of Appeals decision is a judgment under MCR 7.215(E)(1),[3] an application for leave to appeal stays proceedings on remand unless the Court of Appeals or the Supreme Court orders otherwise.

MCR 7.215(F)(1)(a) further provides that "the Court of Appeals judgment is effective after the expiration of the time for filing an application for leave to appeal to the Supreme Court, or, if such an application is filed, after the disposition of the case by the Supreme Court."

In *People v Swafford*, 483 Mich 1, 6 n 5; 762 NW2d 902 (2009), the Supreme Court noted that the defendant's timely application for leave to appeal this Court's judgment to the Supreme Court stayed the proceedings on remand and divested the trial court of jurisdiction during the pendency of the appeal to the Supreme Court. "When a court is without jurisdiction of the subject matter, its acts and proceedings are of no force and validity; they are a mere nullity and are void." *People v Clement*, 254 Mich App 387, 394; 657 NW2d 172 (2002) (citation and

---

[2] MCR 7.302(C)(4)(a) provides, "If the decision of the Court of Appeals remands the case to a lower court for further proceedings, an application for leave to appeal may be filed within . . . 56 days in criminal cases, after (a) the Court of Appeals decision ordering the remand."

[3] "When the Court of Appeals disposes of an original action or an appeal, whether taken as of right, by leave granted, or by order in lieu of leave being granted, its opinion or order is its judgment . . ." MCR 7.215(E)(1).

quotation marks omitted). Accordingly, we vacate defendant's sentence and remand the case to the trial court for resentencing.[4]

## III. DEFENDANT'S STANDARD 4 BRIEF

## A. MOTION TO DISQUALIFY

Defendant also argues that Judge Jackson should have been disqualified and should not resentence him. Specifically, defendant contends that assignment of this case to Judge Jackson for resentencing violated the blind draw requirement in MCR 8.111. In order to preserve a judicial qualification issue for appellate review, a defendant must first move for disqualification before the challenged judge and, if the motion is denied, request referral to the chief judge of the circuit court for review of the motion de novo. MCR 2.003(D)(3)(a)(*i*); *Sinicropi v Mazurek*, 273 Mich App 149, 176 n 15; 729 NW2d 256 (2006), citing *Welch v Dist Court*, 215 Mich App 253, 258; 545 NW2d 15 (1996). Defendant failed to seek review by the chief judge of the denial of his motion to disqualify Judge Jackson, so we review defendant's unpreserved claim for plain error affecting substantial rights. *People v Danto*, 294 Mich App 596, 605; 822 NW2d 600 (2011).

Defendant's argument is premised on a critical misunderstanding of the proceedings below. Defendant argues that an order issued by the circuit court on March 9, 2011 disqualified all the court's judges due to bias. On January 31, 2011, Judge Janet M. Boes disqualified herself from presiding over defendant's resentencing on her own motion because "she was employed as an assistant prosecutor in the prosecutor's office from 1989 to August 2008." No other judges were included in the disqualification, and no other judge is mentioned in the March 9, 2011 order.

MCR 8.111(C)(1), which sets forth the judicial reassignment procedure promulgated by our Supreme Court, provides as follows:

> If a judge is disqualified or for other good cause cannot undertake an assigned case, the chief judge may reassign it to another judge by a written order stating the reason. To the extent feasible, the alternate judge should be selected by lot. The chief judge shall file the order with the trial court clerk and have the clerk notify the attorneys of record. The chief judge may also designate a judge to act temporarily until a case is reassigned or during a temporary absence of a judge to whom a case has been assigned.

---

[4] In light of our conclusion, we need not address the alternative grounds for resentencing that are presented in the brief filed by defendant's counsel on his behalf. We note, however, that this Court rejected a challenge under *Alleyne v United States*, 570 US ___; 133 S Ct 2151; 186 L Ed 2d 314 (2013), in *People v Herron*, 303 Mich App 393; 845 NW2d (2013), appeal held in abeyance 846 NW2d 924 (2014), and we are bound by that decision.

Here, the "Internal Reassignment Request" attests that Judge Jackson "has been chosen by lot or local administrative order from the judges not disqualified in this case." The court rule was followed and no error is shown.[5]

Defendant also raises a number of arguments in support of his contention that Judge Jackson was disqualified due to bias. However, these arguments are not properly before this Court because they involve errors that allegedly occurred during a hearing conducted by Judge Jackson in an unrelated civil matter involving defendant. In any event, nothing defendant has argued persuades us that Judge Jackson should be disqualified under our court rules or the due process clause of the 14th Amendment to the United States Constitution. See *Caperton v Massey*, 556 US 868; 129 S Ct 7252; 173 L Ed 2d 1208 (2009).

## B. TIMELINESS OF RESENTENCING

Defendant argues that the trial court lacked jurisdiction to resentence him because he was not resentenced within one year of the date that this Court remanded for resentencing. His argument is premised on MCL 771.1(2), which provides in relevant part as follows:

> In an action in which the court may place the defendant on probation, the court *may delay sentencing the defendant for not more than 1 year* to give the defendant an opportunity to prove to the court his or her eligibility for probation or other leniency compatible with the ends of justice and the defendant's rehabilitation, such as participation in a drug treatment court . . . . [Emphasis added.]

MCL 771.1(2) is clearly not applicable in this case, which involves a resentencing on remand and not a delay in sentencing.

Defendant has also included a number of unsupported arguments that are unrelated to the question presented. These arguments are not properly before this Court because they are not raised in the statement of questions presented. MCR 7.212(C)(5); *People v Miller*, 238 Mich App 168, 172; 604 NW2d 781 (1999).

## C. PRESENTENCE INFORMATION REPORT AND ALLOCUTION

Defendant argues that he is entitled to resentencing because comments made by Judge Jackson during a hearing in an unrelated civil case suggested that he "pre-sentenced" defendant in the criminal matter without the benefit of a presentence investigation report (PSIR) and without giving defendant the opportunity to allocute before sentencing. Because we are remanding for resentencing, we need not address this issue. We note, however, that an updated PSIR was prepared before sentencing, and defendant was given the opportunity to allocute.

---

[5] When this Court vacated defendant's sentence, it contemplated resentencing by a Saginaw Circuit Court judge. *Houthoofd III*, unpub op at 6 (remanding "for resentencing before a Saginaw Circuit judge assigned by random draw.").

## D. PSIR[6]

Defendant argues that he is entitled to resentencing because the Michigan Department of Corrections (MDOC) violated its own policy directives and MCR 6.429(A) by preparing more than one PSIR. Defendant's reliance on MCR 6.429(A) is misplaced, as that court rule governs the trial court's authority to modify a sentence and is not relevant to the preparation of a PSIR. Further, when a defendant is to be resentenced for a felony conviction, the sentencing court must obtain an updated PSIR to use in imposing sentence. MCR 6.425; *People v Triplett*, 407 Mich 510, 511, 515; 287 NW2d 165 (1980).

Defendant also challenges the assessment of 15 points for prior record variable (PRV) 6. PRV 6 considers an offender's relationship to the criminal justice system. MCL 777.56. A trial court should score 15 points for PRV 6 when "[t]he offender is incarcerated in jail awaiting adjudication or sentencing on a conviction or probation violation" at the time the sentencing offense was committed. MCL 777.56(1)(b). Defendant admitted at the sentencing hearing that he was in jail at the time of the commission of the offense for which he was being sentenced. PRV 6 was properly scored.[7]

Defendant's sentence is vacated and the case is remanded for resentencing. We do not retain jurisdiction.

/s/ Mark T. Boonstra
/s/ Henry William Saad
/s/ Christopher M. Murray

---

[6] We address this issue because the issues may arise again on remand.

[7] Defendant also contends that the scoring of offense variables (OVs) 13 and 14 at zero points and OV 19 at 10 points during the 2006 and 2012 sentencing proceedings bound Judge Jackson when he resentenced defendant in 2014. Defendant has abandoned this issue because he fails to cite to any relevant authority. *People v Payne*, 285 Mich App 181, 195; 774 NW2d 714 (2009). We also decline to address defendant's arguments that relate to whether venue for the trial was proper in Saginaw County because the Supreme Court has already decided this issue.