# STATE OF MICHIGAN

# COURT OF APPEALS

---

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ANTONIO JACKSON,

        Defendant-Appellant.

UNPUBLISHED
December 8, 2015

No. 323165
Wayne Circuit Court
LC No. 11-012637-FC

---

Before: RONAYNE KRAUSE, P.J., and MARKEY and M. J. KELLY, JJ.

PER CURIAM.

This matter comes before us a second time. Defendant was convicted by a jury of first-degree home invasion, MCL 750.110a, and first-degree criminal sexual conduct (CSC-I), MCL 750.520b. On prior appeal, this Court vacated defendant's conviction for first-degree home invasion because the statute of limitations had expired before he was charged, and the matter was remanded for resentencing. *People v Jackson*, unpublished opinion per curiam of the Court of Appeals, decided March 6, 2014 (Docket No. 311557). On remand, the trial court sentenced defendant to 30 to 50 years' imprisonment, and defendant appeals his sentence of right. Because defendant's appeal to our Supreme Court was still pending when the trial court imposed its sentence in violation of MCR 7.302(C)(5), we are constrained to vacate and remand for resentencing.

The facts of this matter were set forth in our prior opinion. Because that opinion disposed of defendant's appeal, it was a "judgment" within the meaning of MCR 7.215(E)(1). See *Johnson v White*, 261 Mich App 332, 347; 682 NW2d 505 (2004). Consequently, because neither this Court nor our Supreme Court directed otherwise, that judgment became "effective after the expiration of time of filing an application for leave to appeal to the Supreme Court, or, if such an application is filed, after the disposition of the case by the Supreme Court." MCR 7.215(F)(1). Defendant did in fact file a timely application for leave to our Supreme Court. Pursuant to MCR 7.302(C)(5), that application for leave stayed any proceedings on remand, and the trial court was without jurisdiction to take action on the matter. See *People v Swafford*, 483 Mich 1, 6 n 5; 762 NW2d 902 (2009). Consequently, this Court's judgment was not effective and no action could be taken by the trial court on remand until our Supreme Court disposed of the case.

Our Supreme Court disposed of defendant's case on September 29, 2015, when it denied the appeal. However, the trial court resentenced defendant on May 30, 2014. When a circuit court acts without the jurisdictional authority, its acts are void. See *People v Clement*, 254 Mich App 387, 394; 657 NW2d 172 (2002). We are therefore constrained to vacate defendant's sentence and remand for resentencing. In light of the fact that we do so because of a jurisdictional defect, we do not address any other issues raised on appeal.

Vacated and remanded for resentencing. We do not retain jurisdiction.

/s/ Amy Ronayne Krause
/s/ Jane E. Markey
/s/ Michael J. Kelly