# STATE OF MICHIGAN

# COURT OF APPEALS

FATIMA LABRETTA WALLACE,

Plaintiff-Appellant,

UNPUBLISHED
August 16, 2016

v

No. 326881
Oakland Circuit Court
LC No. 2014-822320-DC

RASHEED ABDUL WALLACE,

Defendant-Appellee.

Before: MURPHY, P.J., and STEPHENS and BOONSTRA, JJ.

PER CURIAM.

In this divorce action, plaintiff appeals the trial court's order granting partial summary disposition in favor of defendant pursuant to MCR 2.116(C)(6) with respect to the issues of spousal support and division of the marital estate. We vacate the trial court's ruling and remand for resolution of plaintiff's entire action.

The trial court determined that it had jurisdiction and the authority to adjudicate child custody, parenting time, and child support matters arising out of the parties' marriage and plaintiff's complaint for divorce. However, the trial court deferred to a district court in North Carolina, where defendant had filed a divorce action three weeks prior to plaintiff's Michigan filing, in regard to the resolution of issues concerning spousal support and the distribution of marital property. The trial court, citing the Full Faith and Credit Clause, US Const, art IV, § 1, granted partial summary disposition in favor of defendant with respect to spousal support and property division under MCR 2.116(C)(6), which provides for summary disposition when "[a]nother action has been initiated between the same parties involving the same claim." Plaintiff filed the instant appeal, and while the appeal was pending, the North Carolina court granted our plaintiff's motion to dismiss the pending North Carolina action, concluding that it lacked personal jurisdiction over plaintiff.

Given the dismissal of the North Carolina case, defendant now indicates that he wishes to stipulate to reversal of the trial court's order granting partial summary disposition, conceding that plaintiff's action on all issues should be heard by the trial court. Plaintiff rejects the proffered stipulation, arguing that a court order cannot be reversed on the basis of an agreement by litigating parties, and plaintiff demands that we substantively determine whether the trial court erred in its ruling. We take neither of the paths proposed by the parties. Rather, we vacate the

-1-

trial court's ruling on the simple premise that the factual predicate of the court's ruling, i.e., that another action is pending between the same parties relative to the same claims, no longer holds true. There is now no basis to summarily dismiss the claims pertaining to spousal support and property division under MCR 2.116(C)(6). We see no reason whatsoever to engage in the academic exercise of determining, had the North Carolina action remained pending, whether the trial court erred in its summary disposition ruling.

Next, plaintiff contends that the case should be remanded to another judge. She concedes that there is no viable ground for formal disqualification of the trial judge, and instead argues that another judge should be assigned to the case under the framework set forth in *People v Evans*, 156 Mich App 68, 72; 401 NW2d 312 (1986), which adopted language from *United States v Sears, Roebuck & Co, Inc*, 785 F2d 777 (CA 9, 1986). The *Evans* panel, quoting *Sears, Roebuck & Co*, 785 F2d at 780, enunciated the following three-part test with respect to whether a case should be reassigned to a different judge on remand:

> "(1) whether the original judge would reasonably be expected upon remand to have substantial difficulty in putting out of his or her mind previously-expressed views or findings determined to be erroneous or based on evidence that must be rejected, (2) whether reassignment is advisable to preserve the appearance of justice, and (3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness." [*Evans*, 156 Mich App at 72; see also *Bayati v Bayati*, 264 Mich App 595, 602-603; 691 NW2d 812 (2004).]

While plaintiff proceeds to list a series of occurrences and decisions in the lower court and forcefully couches them within the *Evans* framework and the three-part test, regardless whether they actually fit, it is evident that the true nature of plaintiff's argument is a disguised claim in favor of disqualification on the basis of bias on the part of the trial judge. Plaintiff, however, did not preserve such a claim below as required by MCR 2.003(D). See *Welch v Dist Court*, 215 Mich App 253, 258; 545 NW2d 15.[1] In the context of the three-part test, we hardly deem it likely that the trial judge will have substantial difficulty in putting out of her mind her summary disposition ruling now that we have vacated that ruling. Indeed, we suspect that the trial judge will be in full agreement with our holding, given the dismissal of the North Carolina proceedings, and will be happy to move forward. Under these circumstances, there is no need to order reassignment to preserve the appearance of justice, and any reassignment would entail waste and duplication. Finally, even on substantive examination of the events below cited by plaintiff in support of her argument for reassignment, they are either mischaracterized by plaintiff and/or simply do not merit reassignment.

---

[1] We also note that plaintiff failed to properly present this issue in general because she did not include it in her "statement of questions involved" as required by MCR 7.212(C)(5). *Liggett Restaurant Group, Inc v City of Pontiac*, 260 Mich App 127, 139; 676 NW2d 633 (2003).

Vacated and remanded for full resolution of plaintiff's complaint on all issues. We do not retain jurisdiction. We decline to award taxable costs under MCR 7.219.

/s/ William B. Murphy
/s/ Cynthia Diane Stephens
/s/ Mark T. Boonstra