# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

LARRY JOVAN ADAMS,

Defendant-Appellant.

UNPUBLISHED
October 2, 2018

No. 337330
Saginaw Circuit Court
LC No. 98-015095-FH

Before: STEPHENS, P.J., and SHAPIRO and GADOLA, JJ.

PER CURIAM.

Defendant appeals by delayed leave granted[1] the trial court's order denying his post-appeal motion for resentencing. For the reasons set forth below, we affirm defendant's convictions for first-degree home invasion and extortion but remand for resentencing on those charges, without the second-offense habitual enhancement.

On December 12, 1997, defendant was charged in a single felony information with second-degree home invasion, MCL 750.110a(3) (Count 1); two counts of first-degree home invasion, MCL 750.110a(2) (Counts 2 and 4); assault with intent to commit sexual penetration, MCL 750.520g(1) (Count 3); and extortion, MCL 750.213 (Count 5). Counts 1 through 3 were for crimes against one complainant, and Counts 4 and 5 were for crimes against a different complainant. On defendant's motion, the trial court severed Counts 1 through 3 from Counts 4 and 5 for trial.

Following trial and conviction on Counts 1 through 3, the prosecution filed a motion to amend the information to add Count 6, assault with intent to commit sexual penetration, MCL 750.520g(1), against the second complainant. The trial court remanded the case to the district court for a preliminary examination on the proposed Count 6, and on September 24, 1998, the district court held a preliminary examination and found probable cause to bind defendant over for trial on Count 6. On October 12, 1998, the prosecution filed an amended information with the added count, and for the first time, it included a notice to charge defendant as a second-

---

[1] *People v Adams*, unpublished order of the Court of Appeals, entered July 27, 2017 (Docket No. 337330).

-1-

offense habitual offender, MCL 769.10. On February 11, 1999, a jury found defendant guilty on Counts 4 through 6. On March 18, 1999, the trial court sentenced defendant as a second-offense habitual offender on Counts 4 through 6.

Defendant appealed, and this Court affirmed the trial court. *People v Adams*, unpublished per curiam opinion of the Court of Appeals, issued August 8, 2000 (Docket No. 218903). Relevant to this appeal, this Court's opinion stated:

> Finally, we note that defendant's assertion that plaintiff violated his right to due process by including Counts IV-V in the amended information and charging him as a habitual offender with respect to all three counts is unsupported by any citation to authority. For that reason, we decline to consider the issue further. [*Adams*, unpub op at 3.]

After defendant's request for leave to appeal was denied by the Supreme Court, he filed additional appeals and post-appellate motions. Finally, on July 26, 2016, defendant filed a motion for resentencing, claiming that the trial court did not have jurisdiction to sentence him as a habitual offender on Counts 4 and 5. The trial court denied defendant's motion on September 2, 2016, concluding that this issue was already raised and decided in defendant's appeal in 2000. Defendant filed a motion for reconsideration on September 23, 2016, which the trial court also denied.

On appeal, defendant argues that he is entitled to resentencing because the trial court did not have jurisdiction to sentence him as a habitual offender on Counts 4 and 5. We agree.[2]

"In a criminal action, the prosecuting attorney may seek to enhance the sentence of the defendant as provided under section 10, 11, or 12 of this chapter, by filing a written notice of his or her intent to do so within 21 days after the defendant's arraignment on the information charging the underlying offense or, if arraignment is waived, within 21 days after the filing of the information charging the underlying offense." MCL 769.13. The purpose of the 21-day notice requirement is to ensure that a defendant is aware at an early stage in the proceedings of the potential consequences of conviction. *People v Shelton*, 412 Mich 565, 569; 315 NW2d 537 (1982). Whether the prosecution filed a notice of intent to enhance a defendant's sentence is a

---

[2] We review for an abuse of discretion a trial court's decision on a motion for relief from judgment and review for clear error a trial court's findings of fact supporting its decision. *People v Swain*, 288 Mich App 609, 628; 794 NW2d 92 (2010). An abuse of discretion occurs when a trial court makes a decision that "falls outside the range of reasonable and principled outcomes or makes an error of law." *Id*. at 628-629 (citations omitted). Issues of statutory interpretation are questions of law that this Court reviews de novo. *People v Hornsby*, 251 Mich App 462, 469; 650 NW2d 700 (2002).

bright-line test requiring strict application. *People v Morales*, 240 Mich App 571, 575-576; 618 NW2d 10 (2000).[3]

After exhausting an appeal, a defendant may file a motion to seek relief from judgment. MCR 6.502.[4] A trial court does not have jurisdiction to decide motions that are not timely filed in accordance with the court rules. See, e.g., *People v Clement*, 254 Mich App 387, 393-394; 657 NW2d 172 (2002) (holding that the trial court did not have subject-matter jurisdiction to grant the defendant's motion to withdraw a guilty plea when it was filed outside of the deadline required by the court rules). A court must recognize sua sponte its own lack of jurisdiction even if no party raises a jurisdictional challenge, and an opinion or order that a trial court enters in the absence of subject-matter jurisdiction is void. *Id*. at 394. Further, the prohibition on successive motions for relief from judgment does not apply when a defendant raises a jurisdictional challenge. *People v Washington*, 321 Mich App 276, 285; 908 NW2d 924 (2017).

We agree with defendant's argument that since the habitual-offender notice was not filed within 21 days after he was arraigned on Counts 4 and 5, the trial court did not have jurisdiction to sentence him as a habitual offender for those counts, and that he can therefore raise this jurisdictional issue. Defendant was arraigned on Counts 4 and 5 on February 17, 1998. The prosecution did not file a habitual-offender notice until October 12, 1998, which was well after the 21-day deadline had passed. The prosecution could not circumvent the 21-day deadline, as to

---

[3] At any time before, during, or after trial, the trial court "may permit the prosecutor to amend the information or the notice of intent to seek enhanced sentence unless the proposed amendment would unfairly surprise or prejudice the defendant." MCR 6.112(H). See also MCL 767.76 (stating that the court may amend the information "in respect to any defect, imperfection or omission in form or substance or any variance with the evidence"); *People v Higuera*, 244 Mich App 429, 444; 625 NW2d 444 (2001) (stating that the trial court may amend an information at any time before, during, or after trial so long as the amendment does not charge a new crime or prejudice the defendant).

[4] MCR 6.502(G) provides:

(1) Except as provided in subrule (G)(2), regardless of whether a defendant has previously filed a motion for relief from judgment, after August 1, 1995, one and only one motion for relief from judgment may be filed with regard to a conviction. The court shall return without filing any successive motions for relief from judgment. A defendant may not appeal the denial or rejection of a successive motion.

(2) A defendant may file a second or subsequent motion based on a retroactive change in law that occurred after the first motion for relief from judgment or a claim of new evidence that was not discovered before the first such motion. The clerk shall refer a successive motion that asserts that one of these exceptions is applicable to the judge to whom the case is assigned for a determination whether the motion is within one of the exceptions.

those counts, by adding a new charge and filing a new information. See *Morales*, 240 Mich App at 585. Without the habitual-offender enhancement, defendant's maximum sentence under the guidelines would have been lower. *People v Hornsby*, 251 Mich App 462, 472-473; 650 NW2d 700 (2002) (holding that an amendment to a habitual-offender notice prejudices the defendant if it increases the potential sentence). Therefore, the habitual-offender notice prejudiced defendant and he is entitled to be resentenced.

We reject the prosecution's argument that the law-of-the-case doctrine forecloses this appeal. "The law of the case doctrine is a *discretionary* rule of practice." *Int'l Union v Michigan*, 211 Mich App 20, 24; 535 NW2d 210 (1995) (emphasis added). It provides that a ruling by an appellate court on a particular issue binds the appellate court and all lower tribunals as to that issue. *Poirier v Grand Blanc Twp (After Remand)*, 192 Mich App 539, 546; 481 NW2d 762 (1992). The doctrine seeks to promote finality and to prevent forum shopping. *People v Radowick,* 63 Mich App 734, 739; 235 NW2d 28 (1975).

As noted above, in defendant's appeal of right, we declined to consider the merits of defendant's claim that the habitual-offender enhancement was untimely. Our opinion in that appeal indicates that the issue was not properly before the Court because defendant had failed to provide any supporting authority. On review, however, we conclude this characterization was in error and that the issue should have been addressed at that time. In his appeal of right, defendant's brief raised the issue and cited MCL 769.13 and *People v Ellis*, 224 Mich App 752, 757; 569 NW2d 917 (1997), a case that held that the prosecution may not amend a supplemental information after the 21-day deadline to add prior convictions. Thus, defendant properly raised and supported the issue in his appeal of right and our failure to address and make a determination[5] on the issue was not due to an error on his part. Put simply, the issue should have been addressed by this Court in his appeal of right and under these circumstances we exercise our discretion not to apply the law-of-the-case doctrine.

We affirm defendant's convictions for first-degree home invasion and extortion but remand for resentencing on those charges, without the second-offense habitual enhancement.


/s/ Cynthia Diane Stephens
/s/ Douglas B. Shapiro
/s/ Michael F. Gadola

---

[5] The law-of-the-case doctrine only applies to legal questions *determined* by the appellate court. *People v Fisher*, 449 Mich 441, 444-445; 537 NW2d 577 (1995).