# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellant,

v

GREGORY CARL WASHINGTON,

        Defendant-Appellee.

UNPUBLISHED
July 13, 2017

No. 336050
Wayne Circuit Court
LC No. 04-004270-01-FC

Before: O'BRIEN, P.J., and JANSEN and STEPHENS, JJ.

PER CURIAM.

The prosecution appeals by leave granted[1] a November 22, 2016 order granting defendant's second motion for relief from judgment. For the reasons that follow, we affirm.

On November 10, 2004, defendant was convicted by a jury of second-degree murder, MCL 750.317, two counts of assault with intent to commit murder (AWIM), MCL 750.83, possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b, and felon in possession of a firearm, MCL 750.224f. On December 13, 2004, the trial court sentenced defendant, a second habitual offender, MCL 769.10, to 40 to 60 years' imprisonment for the second-degree murder conviction, life imprisonment for each AWIM conviction, two years' imprisonment for the felony-firearm conviction, and 2 to 7½ years' imprisonment for the felon in possession of a firearm conviction. The trial court's sentence represented a 12-month upward departure from the applicable guidelines range.

On December 13, 2004, defendant appealed as of right his convictions and sentences on a number of grounds.[2] Relevant here, defendant challenged the propriety of the trial court's upward departure from the sentencing guidelines range without stating on the record "substantial

---

[1] *People v Washington*, unpublished order of the Court of Appeals, entered January 24, 2017 (Docket No. 336050).

[2] Defendant's issues on appeal included ineffective assistance of trial counsel for failure to raise an insanity defense and failure to file a motion for a new trial based on the assertion that defendant's convictions were against the great weight of the evidence, violation by the prosecution's witnesses of a sequestration order, and prosecutorial misconduct.

and compelling reasons" for the departure as required under MCL 769.34(3).[3] In a June 13, 2006 unpublished opinion, this Court affirmed defendant's convictions, but agreed that "the trial court did not satisfy MCL 769.34(3) when imposing a sentence outside the prescribed sentencing guidelines range." *People v Washington*, unpublished opinion per curiam of the Court of Appeals, issued June 13, 2006 (Docket No. 260155), p 8. This Court remanded for resentencing, directing the trial court to reconsider the propriety of its sentence and articulate substantial and compelling reasons for any departure consistent with MCL 769.34(3). *Id*. at 8-9.

On August 8, 2006, defendant filed an application for leave to appeal to the Michigan Supreme Court. On October 4, 2006, while the application was still pending, the trial court resentenced defendant pursuant to this Court's June 13, 2006 order, imposing identical sentences and offering a number of justifications for the departure. The Supreme Court denied defendant's application for leave on December 28, 2006. *People v Washington*, 477 Mich 973, 973; 725 NW2d 20 (2006).

On December 4, 2006, about three weeks before the Supreme Court denied defendant's initial application, defendant filed a delayed application for leave to appeal the resentencing order to this Court, again arguing that the trial court failed to articulate on the record the required "substantial and compelling reasons" for upward departure from defendant's sentencing guidelines. This Court denied defendant's application "for lack of merit." *People v Washington*, unpublished order of the Court of Appeals, entered May 4, 2007 (Docket No. 274768). Defendant filed an application for leave to appeal to the Michigan Supreme Court, which that Court ultimately denied. *People v Washington*, 480 Mich 891, 891; 738 NW2d 734 (2007).

Several months later, on March 25, 2008, defendant filed a motion for relief from judgment in the trial court pursuant to MCR 6.502, raising claims of (1) insufficient evidence, (2) denial of his right to present an insanity defense, (3) ineffective assistance of trial counsel, and (4) ineffective assistance of appellate counsel. The trial court denied defendant's motion for failure to demonstrate good cause for not raising the issues in a prior appeal and actual prejudice under MCR 6.508(D). This Court denied a delayed application for leave to appeal the trial court's decision, *People v Washington*, unpublished order of the Court of Appeals, entered October 19, 2009 (Docket No. 292891), and the Michigan Supreme Court denied leave to appeal this Court's denial, *People v Washington*, 486 Mich 1042, 1042; 783 NW2d 335 (2010).

On June 22, 2016, after exhausting all available postconviction relief, defendant filed his second motion for relief from judgment—the motion giving rise to the instant appeal. Defendant challenged his sentences on jurisdictional grounds, arguing that the trial court's October 4, 2006 order after resentencing was invalid because the court lacked jurisdiction to sentence defendant while his application remained pending before the Michigan Supreme Court. In response, the

---

[3] On the date of defendant's sentencing, MCL 769.34(3) required that: "A court may depart from the appropriate sentence range established under the sentencing guidelines . . . if the court has a substantial and compelling reason for that departure and states on the record the reasons for departure." MCL 769.34(3) was later struck down in *People v Lockridge*, 498 Mich 358, 391-392; 870 NW2d 502 (2015), and replaced with a reasonableness requirement.

prosecution argued that defendant's successive motion for relief from judgment was clearly barred by MCR 6.502(G), which prohibits successive motions for relief from judgment unless there has been a retroactive change in the law or new evidence has been discovered. In a November 22, 2016 written order and opinion, the trial court indicated its agreement with the prosecution's argument but noted that the prosecution had failed to address the jurisdictional issue which "may be raised at any time." The trial court concluded that under MCR 7.215(F)(1)(a), MCR 7.305(C)(6)(a), and relevant case law, it had lacked jurisdiction to enter the October 4, 2006 judgment of sentence. The trial court granted defendant's motion, vacated defendant's sentences, and ordered resentencing.[4] The instant appeal followed.

The prosecution argues that the trial court erred when it granted defendant's motion for relief from judgment because MCR 6.502(G)(1) unequivocally bars successive motions for relief from judgment absent application of an explicit exception. We agree in part.

We review a trial court's decision on a motion for relief from judgment for an abuse of discretion. *People v Swain*, 288 Mich App 609, 628; 794 NW2d 92 (2010). An abuse of discretion occurs when a trial court's decision falls outside the range of reasonable and principled outcomes, or it makes an error of law. *Id.* at 628-629. The proper interpretation and application of court rules is a question of law reviewed de novo. *People v Buie*, 285 Mich App 401, 416; 775 NW2d 817 (2009).

Motions for relief from judgment are governed by MCR 6.500 *et seq*. *Swain*, 288 Mich App at 629. MCR 6.502(G)(1) provides, in pertinent part:

> Except as provided in subrule (G)(2) . . . one and only one motion for relief from judgment may be filed with regard to a conviction. The court shall return without filing any successive motions for relief from judgment.

MCR 6.502(G)(2) provides two exceptions to the general rule against successive motions for relief from judgment, allowing a "second or subsequent motion based on a retroactive change in law that occurred after the first motion," or "a claim of new evidence that was not discovered before the first such motion." Any successive motion that does not assert one of these two exceptions must be returned to the defendant and not filed in the court. *Swain*, 288 Mich App at 631, citing MCR 6.502(G)(1).

This Court in *Swain*, 288 Mich App at 632, explicitly held that "MCR 6.502(G)(2) provides the only two exceptions to the prohibition of successive motions." *Swain* is binding on

---

[4] Defendant also requested that, on resentencing, the trial court determine the applicable guidelines range for both defendant's second-degree murder conviction and his AWIM convictions and take them into account pursuant to *Lockridge*, 498 Mich 358. The trial court concluded that defendant was not entitled to any relief under *Lockridge* because the rule articulated in that case "has no retroactive application to sentences on collateral review." Defendant does not challenge this decision on appeal.

this Court, as it is on the trial court, MCR 7.215(C)(2), and we discern no ambiguity in the language of MCR 6.502(G) to warrant reconsideration of the issue.

Defendant's successive motion for relief from judgment was predicated on a claimed "jurisdictional defect" invalidating the October 4, 2006 judgment of sentence. Defendant's successive motion for relief from judgment did not involve a retroactive change in the law or newly discovered evidence. Regardless of the merits of defendant's claim of error, the trial court lacked authority to grant defendant's motion under MCR 6.502.

However, a motion for relief from judgment under MCR 6.502 is merely a procedural vehicle, and our determination that relief under MCR 6.502 was unavailable to defendant here does not end our inquiry. We agree that the prosecution has failed to address the substantive issue in defendant's motion for relief from judgment, which, while brought pursuant to an inapplicable court rule, nevertheless constitutes an important and reviewable claim of error.

It is indisputable that the trial court lacked jurisdiction[5] to resentence defendant when it entered the October 4, 2006 judgment of sentence. MCR 7.305(C) states, in pertinent part:

(6) *Effect of Appeal on Decision Remanding Case.* If a party appeals a decision that remands for further proceedings as provided in subrule (C)(5)(a), the following provisions apply:

(a) If the Court of Appeals decision is a judgment under MCR 7.215(E)(1),[6] *an application for leave to appeal stays proceedings on remand unless the Court of Appeals or the Supreme Court orders otherwise.* [MCR 7.305(C)(6)(a) (footnote added; emphasis added).]

Similarly, MCR 7.215(F)(1)(a) provides that a "Court of Appeals judgment is effective after the expiration of the time for filing an application for leave to appeal to the Supreme Court, or, if such an application is filed, after the disposition of the case by the Supreme Court." Neither this Court nor our Supreme Court ordered otherwise, and under the court rules, this Court's June 13, 2006 resentencing order was not effective until after the Supreme Court entered its December 28, 2006 order denying leave to appeal. However, the trial court conducted the resentencing hearing on October 4, 2006, while the application for leave to appeal was still pending and while, pursuant to MCR 7.305(C)(6)(a), the lower court proceedings were stayed.

Our Supreme Court considered a similar set of circumstances in *People v Swafford*, 483 Mich 1, 6 n 5; 762 NW2d 902 (2009). The *Swafford* Court noted that, consistent with the

---

[5] "Whether a court has subject-matter jurisdiction is a question of law reviewed de novo." *Hillsdale County Sr Services, Inc v Hillsdale County*, 494 Mich 46, 51; 832 NW2d 728 (2013).

[6] There is no dispute that this Court's June 13, 2006 unpublished opinion remanding for resentencing in the trial court was a "judgment" under MCR 7.215(E)(1), which states: "When the Court of Appeals disposes of an original action or an appeal, whether taken as of right, by leave granted, or by order in lieu of leave being granted, its opinion or order is its judgment."

aforementioned court rules, the defendant's timely application for leave to appeal a judgment from the Court of Appeals to the Supreme Court stayed the proceedings on remand and divested the trial court of jurisdiction during the pendency of the application. *Id*. Thus, in *Swafford*, the Court held that the trial court lacked jurisdiction to conduct a new trial while leave was pending in the Supreme Court, the proceedings were stayed, and this Court's judgment was not yet effective. *Id*.

Although the prosecution argues otherwise, the trial court's entry of the judgment of sentence without jurisdiction was not merely procedural error. "The term jurisdiction refers to the power of a court to act and the authority a court has to hear and determine a case." *People v Clement*, 254 Mich App 387, 394; 657 NW2d 172 (2002) (quotation marks and citation omitted). "Jurisdiction of the subject matter of a judicial proceeding is an absolute requirement." *In re AMB*, 248 Mich App 144, 166; 640 NW2d 262 (2001) (quotation marks and citation omitted). "When a court is without jurisdiction of the subject matter, its acts and proceedings are of no force or validity; they are a mere nullity and are void." *Clement*, 254 Mich App at 394 (quotation marks and citation omitted). Thus, because the trial court lacked jurisdiction to hold a resentencing hearing and enter the October 4, 2006 judgment of sentence, the resentencing hearing and the resultant judgment of sentence lack force and authority and are considered void.

"Jurisdictional defects may be raised at any time." *People v Martinez*, 211 Mich App 147, 149; 535 NW2d 236 (1995); see also *Smith v Smith*, 218 Mich App 727, 729-730; 555 NW2d 271 (1996) ("[A] challenge to subject-matter jurisdiction may be raised at any time, even if raised for the first time on appeal."). "Subject-matter jurisdiction is so critical to a court's authority that a court has an independent obligation to take notice when it lacks such jurisdiction, even when the parties do not raise the issue." *AMB*, 248 Mich App at 166-167; see also *Clement*, 254 Mich App at 394 (explaining that a court is bound to notice the limits of its authority and recognize its lack of jurisdiction sua sponte). Regardless of whether the issue was raised in an improperly supported motion, the trial court clearly had the power to consider the jurisdictional issue brought to its attention.

The prosecution suggests that the prohibition on successive motions for relief from judgment and the principle that the issue of subject-matter jurisdiction may be raised at any time create a conflict in the law. However, at least in the case before us, any such conflict is illusory. Despite the prosecution's argument to the contrary, the trial court's ruling did not improperly carve out a third exception to MCR 6.502(G)(1). Instead, the trial court exercised its inherent power to "recognize its lack of jurisdiction or any pertinent boundaries on its proper exercise." *Clement*, 254 Mich App at 394 (quotation marks and citation omitted). The trial court properly recognized that its October 4, 2006 judgment of sentence was a nullity, and its compliance with this Court's June 13, 2006 order for resentencing was incomplete. Under MCL 600.611, "[c]ircuit courts have jurisdiction and power to make any order proper to fully effectuate the circuit court's jurisdiction and judgments." The trial court therefore did not err when it "vacated" the October 4, 2006 judgment of sentence and ordered a resentencing hearing. And while, as previously discussed, the trial court erred when it granted defendant's motion for relief from judgment in contravention of MCR 6.502, "[a] trial court's ruling may be upheld on appeal where the right result issued, albeit for the wrong reason." *Gleason v Michigan Dep't of Transp*, 256 Mich App 1, 3; 662 NW2d 822 (2003).

Affirmed.

/s/ Colleen A. O'Brien
/s/ Kathleen Jansen
/s/ Cynthia Diane Stephens