# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellant,

v

DARYL EDWARD SMITH,

Defendant-Appellee.

UNPUBLISHED
September 20, 2018

No. 338634
Wayne Circuit Court
LC No. 89-003904-01-FC

Before: O'CONNELL, P.J., and CAVANAGH and SERVITTO, JJ.

PER CURIAM.

The prosecution appeals as of right the trial court's resentencing of defendant, Daryl Smith, after granting Smith's successive motion for relief from judgment. We vacate the trial court's resentencing order, and we remand for further proceedings consistent with this opinion.

## I. BACKGROUND

In 1989, Smith pleaded guilty to possession of 650 grams or more of cocaine, MCL 333.7403(2)(a)(*i*), for which he was sentenced to life imprisonment without the possibility of parole. In 1992, our Supreme Court held that a sentence of life imprisonment without the possibility of parole for a conviction for possession of 650 grams or more of cocaine, MCL 333.7403(2)(a)(*i*), was unconstitutional. *People v Bullock*, 440 Mich 15, 27-41; 485 NW2d 866 (1992). Accordingly, the Supreme Court invalidated "the sentences of all defendants currently incarcerated under the same penalty, and for committing the same offense, as the defendants at bar." *Id*. at 42. The Supreme Court then struck down that portion of the sentence "denying such defendants the parole consideration otherwise available upon completion of ten calendar years of the sentence." *Id*. The Supreme Court added that "each such defendant shall, upon serving ten calendar years of the sentence, become subject to the jurisdiction of the parole board and eligible for parole consideration . . . ." *Id*.

Smith subsequently filed a motion for relief from judgment in 1993, asking for resentencing under *Bullock*. The trial court denied the motion because *Bullock* only required a defendant such as Smith to be eligible for parole consideration. In January 2009, Smith was released on parole. He violated parole in August 2009 when police arrested him for possession of cocaine, resulting in a 2011 conviction for possession with intent to deliver 450 to 999 grams of cocaine, MCL 333.7401(2)(a)(*ii*). *People v Smith*, unpublished per curiam opinion of the

-1-

Court of Appeals, issued October 31, 2013 (Docket No. 305437) (affirming conviction). Smith returned to prison after parole was revoked.

In April 2016, Smith filed another motion for relief from judgment. Smith asserted that he learned that one of the police officers who testified against him at the preliminary examination in 1989 was dismissed for misconduct in 1990. Smith asserted this police officer's allegedly false testimony, in addition to ineffective assistance of counsel, as bases for relief from judgment. After awaiting a response from the prosecution, who failed to respond, the trial court granted the motion and resentenced Smith to 20 to 30 years' imprisonment.

## II. DISCUSSION

The prosecution argues that the trial court abused its discretion by granting Smith's successive motion for relief from judgment and by resentencing Smith. The prosecution argues the trial court did not have jurisdiction to resentence Smith because his sentence was valid. Instead, the prosecution contends, the Michigan Department of Corrections ("DOC") had jurisdiction over Smith because Smith's sentence, modified by *Bullock*, was valid. We agree.

Generally, we review a trial court's ruling on a motion for relief from judgment for an abuse of discretion, and we review de novo the legal questions of subject-matter jurisdiction and the interpretation of a court rule. *People v Washington*, 321 Mich App 276, 282, 284 n 5; 908 NW2d 924 (2017). The prosecution failed to preserve its argument, however, so we review it for plain error affecting substantial rights. *People v Perry*, 317 Mich App 589, 600; 895 NW2d 216 (2016). "Reversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings independent of the defendant's innocence." *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999) (quotation marks and citation omitted; alteration in original).

Jurisdiction "refers to the power of a court to act and the authority a court has to hear and determine a case." *Washington*, 321 Mich App at 285 (quotation marks and citation omitted). When a trial court does not have subject-matter jurisdiction, "its acts and proceedings are of no force and validity; they are a mere nullity and are void." *Washington*, 321 Mich App at 285 (quotation marks and citation omitted). A trial court has jurisdiction "to resentence a defendant only when the previously imposed sentence is invalid." *People v Moore*, 468 Mich 573, 579; 664 NW2d 700 (2003). "A sentence is invalid when it is beyond statutory limits, when it is based upon constitutionally impermissible grounds, improper assumptions of guilt, a misconception of law, or when it conforms to local sentencing policy rather than individualized facts." *People v Miles*, 454 Mich 90, 96; 559 NW2d 299 (1997).

Once a Michigan judge imposes a valid indeterminate sentence of imprisonment with the [DOC], the sentencing court has no authority to modify the sentence. Rather, the DOC Parole Board is vested with the authority to grant "parole" to qualified prison inmates. The Parole Board has the discretion to grant or deny parole and to discharge the prisoner if the prisoner satisfactorily completes the terms of parole. Parole is a conditional release; a paroled prisoner remains technically in the custody of the DOC but is permitted to leave the

confinement of prison. Until a prisoner is discharged from parole, the Parole Board may rescind parole for cause if a parole violation has been proven by a preponderance of the evidence and may amend an existing order of parole. [*People v Clark*, 315 Mich App 219, 229; 888 NW2d 309 (2016) (citations omitted).]

In this case, the trial court's decision to resentence Smith was improper because Smith had already been eligible for parole and received parole as a result of *Bullock*. Smith initially pleaded guilty to possession of 650 grams or more of cocaine, MCL 333.7403(2)(a)(*i*), and he was sentenced to life imprisonment without the possibility of parole. In accordance with *Bullock*, the portion of Smith's sentence prohibiting him from becoming eligible for parole was struck down, thus rendering his sentence valid and constitutional. He became eligible for parole after serving the first ten calendar years of his sentence of life imprisonment, and he was released on parole in January 2009. In August 2009, he violated parole and returned to prison. Because Smith's sentence was valid when he filed his successive motion for relief from judgment in April 2016,[1] the trial court did not have the authority to resentence him. Therefore, the prosecution is correct that Smith was already granted the relief that he was entitled to under *Bullock*, and the trial court erred by resentencing him.

We vacate the judgment of sentence. We remand to the trial court for reinstatement of the sentence imposed at the time of Smith's 2009 parole violation and revocation. We do not retain jurisdiction.

/s/ Peter D. O'Connell
/s/ Mark J. Cavanagh
/s/ Deborah A. Servitto

---

[1] Because Smith filed the first motion for relief from judgment before August 1, 1995, his second motion was not barred as a successive motion. See MCR 6.502(G)(1).