# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

WILLIAM MORRIS GRIFFIN,

      Defendant-Appellant.

UNPUBLISHED
October 25, 2018

No. 339498
Wayne Circuit Court
LC No. 17-000234-01-FH

Before: MURRAY, C.J., and BORRELLO and RONAYNE KRAUSE, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial conviction of assault with intent to do great bodily harm less than murder ("AWIGBH"), MCL 750.84. Defendant was also charged with assault with a dangerous weapon ("felonious assault"), MCL 750.82, but the jury was unable to reach a verdict on that charge, hence a mistrial was declared. Defendant was sentenced to 23 months to 10 years' imprisonment. For the reasons set forth in this opinion, we affirm defendant's conviction and sentence.

## I. BACKGROUND

This appeal arises out of an argument between defendant and the victim, Derrick Turner. Both men worked at Papa Pizza's in Detroit as pizza delivery drivers. On the night of December 26, 2016, both were working when the victim accused defendant of stealing his customers. Defendant took exception and according to the victim, approached the victim in a threatening manner. The victim left to make deliveries and when he returned defendant approached him with an aluminum baseball ball. Defendant struck the victim in the head and shoulder. Eventually another employee of Papa Pizza broke up the fight.

After the fight, the victim noticed that his head was bleeding profusely. The police were called and the victim went to the hospital where he received 18 staples to his head. He was diagnosed with a closed head injury.

According to defendant's testimony at trial, the victim initiated the fight by attempting to punch defendant. Defendant testified that although he punched the victim in the face three times, he never had a weapon. Defendant further testified that he was unsure how the victim received a head wound because defendant never hit the victim in the head.

-1-

As previously stated, defendant was convicted and sentenced on the charge of AWIGBH. A mistrial was declared on the charge of felonious assault. This appeal then ensued.

## II. SUFFICIENCY OF THE EVIDENCE

On appeal, defendant first argues that the evidence was insufficient to convict him of AWIGBH. This Court reviews a challenge to the sufficiency of the evidence in a jury trial de novo. *People v Gaines*, 306 Mich App 289, 296; 856 NW2d 222 (2014). The evidence is viewed "in the light most favorable to the prosecution, to determine whether the trier of fact could have found that the essential elements of the crime were proved beyond a reasonable doubt." *Id*.

MCL 750.84, which governs the crime of AWIGBH, provides, in relevant part:

(1) A person who does either of the following is guilty of a felony punishable by imprisonment for not more than 10 years or a fine of not more than $5,000.00, or both:

(a) Assaults another person with intent to do great bodily harm, less than the crime of murder.

"This Court has defined the intent to do great bodily harm as an intent to do serious injury of an aggravated nature." *People v Brown*, 267 Mich App 141, 147; 703 NW2d 230 (2005) (quotation marks and citation omitted). *People v Stevens*, 306 Mich App 620, 628; 858 NW2d 98 (2014). AWIGBH is a specific intent crime, and "only minimal circumstantial evidence is necessary to show that a defendant had the requisite intent." *Stevens,* 306 Mich App at 629. A defendant's behavior can lead to an inference that he or she intended to cause serious harm. *Id*. Such behavior includes "the use of a dangerous weapon or the making of threats." "Only minimal circumstantial evidence is necessary to show defendant's intent." *Id*.

Here, defendant argues that there was insufficient evidence to convict him because (1) according to defendant's testimony, he acted in self-defense, and (2) according to defendant's testimony, defendant never possessed a bat. Hence, it becomes readily apparent that for defendant's argument to prevail on appeal, this Court could only consider defendant's version of events. However, contrary to defendant's request, it is the trier of fact, and not this Court, who must weigh the evidence presented at trial. Additionally, a jury has the freedom to " 'believe or disbelieve, in whole or in part, any of the evidence presented at trial.' " *People v Unger*, 278 Mich App 210, 228; 749 NW2d 272 (2008). This Court has also been instructed by our Supreme Court that: " '[j]uries, not appellate courts, see and hear witnesses and are in a much better position to decide the weight and credibility to be given to their testimony.' " *People v Wolfe*, 440 Mich 508, 515; 489 NW2d 748 (1992) (citation omitted). Therefore, this Court does not generally "interfere with the trier of fact's determinations regarding the weight of the evidence or the credibility of witnesses." *Stevens*, 306 Mich App at 628.

While we concur with defendant that our case law dictates that: "'A finding that a defendant acted in justifiable self-defense necessarily requires a finding that the defendant acted intentionally, but that the circumstances justified his actions,' " *People v Guajardo*, 300 Mich App 26, 43; 832 NW2d 409 (2013) (citation omitted), this Court must view the evidence in the

light most favorable to the prosecution. *Gaines*, 306 Mich App at 296. Therefore, in adjudicating defendant's claim, we must review all of the evidence, not just the testimony of defendant and our review of that evidence leads us to conclude that there existed legally sufficient evidence from which the trier of fact could find defendant guilty of AWIGBH.

We reach this conclusion by holding that the evidence elicited from the victim, including the victim's testimony that defendant instigated the fight using an aluminum baseball bat, as well as the grievous injury the victim sustained, sufficiently demonstrate that defendant intended to cause serious injury of an aggravated nature. We further hold that the victim presented testimony, that if believed by the trier of fact, was sufficient evidence to support the jury's finding that defendant intended to seriously injure the victim, and thus, that defendant was guilty of AWIGBH. Accordingly, sufficient evidence was presented to support defendant's conviction of AWIGBH, and defendant's claim of insufficient evidence must fail.

## II. THE GREAT WEIGHT OF THE EVIDENCE

Defendant next argues that he is entitled to a new trial because the jury's verdict regarding the AWIGBH charge was against the great weight of the evidence.

This Court reviews "a trial court's grant or denial of a new trial on the ground that the verdict was against the great weight of the evidence" for an abuse of discretion. *Unger*, 278 Mich App at 232. "An abuse of discretion occurs when a trial court's decision falls outside the range of reasonable and principled outcomes, or when the trial court makes an error of law." *People v Washington*, 321 Mich App 276, 282; 908 NW2d 924 (2017).

"The test to determine whether a verdict is against the great weight of the evidence is whether the evidence preponderates so heavily against the verdict that it would be a miscarriage of justice to allow the verdict to stand." *People v Musser*, 259 Mich App 215, 218-219; 673 NW2d 800 (2003). In general, a verdict is only vacated if "the evidence does not reasonably support it and it was more likely the result of causes outside the record, such as passion, prejudice, sympathy, or some other extraneous influence." *People v Lacalamita*, 286 Mich App 467, 469-470; 780 NW2d 311 (2009).

Defendant argues that the jury's verdict was not based on the evidence presented in the trial court, and suggests that instead, the jury was swayed by sympathy for the victim. In support of this argument, defendant contends that the declaration of a mistrial regarding the felonious assault charge demonstrates that the jury did not believe that defendant used a bat to assault the victim. Defendant hypothesizes that the jury nevertheless felt it necessary to find defendant guilty of AWIGBH out of a sense of sympathy for the victim. However, defendant offers no evidence to substantiate his claim that the jury's verdict was the result of unwarranted sympathy for the victim, or that an appeal to emotion led the jury to find defendant guilty of AWIGBH. Defendant merely states there was not sufficient evidence presented to convict him of either AWIGBH or felonious assault, but that the jury must have found him guilty of AWIGBH out of sympathy for the victim. Defendant's argument also implies that the jury rendered an inconsistent verdict by finding him guilty of AWIGBH, but failing to find him guilty of felonious assault. We conclude defendant's claim is without merit. Initially we note that: "[I]nconsistent verdicts within a single jury trial are permissible and do not require reversal." *People v Putman*,

309 Mich App 240, 251; 870 NW2d 593 (2015). Defendant's argument also presupposes that there was not sufficient evidence presented to convict him of AWIGBH. "[W]hether the evidence was sufficient to sustain a conviction and whether the verdict was against the great weight of the evidence are two separate questions." *People v Brown*, 239 Mich App 735, 746 n 6; 610 NW2d 234 (2000). However, because defendant's argument is premised on the contention that the evidence was insufficient to support his conviction of AWIGBH, the success of defendant's "great weight of the evidence" argument is contingent on the success of his "sufficiency of the evidence" argument. *Id*. Accordingly, since defendant failed to show that the evidence was insufficient to convict him of AWIGBH, he has also failed to show that the verdict was against the great weight of the evidence.

Defendant also argues that the jury's verdict was against the great weight of the evidence because the victim's testimony was not credible. Defendant asserts that the victim's testimony was not credible because defendant and the victim gave conflicting testimony regarding the nature of the events that led to defendant's conviction. Again, it is the trier of fact who is responsible for determining the credibility of the evidence presented, because "the weight and credibility of evidence, and the inferences to be drawn from the evidence, are matters for the jury to resolve." *People v Anderson*, 322 Mich App 622, 632; 912 NW2d 607 (2018). The jury concluded that the victim's testimony, in addition to the other evidence presented, supported defendant's conviction of AWIGBH. Because the jury's finding is supported by legally sufficient evidence, this Court does not interfere with the jury's credibility determinations. *Stevens*, 306 Mich App at 628.

In his argument, defendant puts a great deal of emphasis on the fact that there was conflicting evidence presented in this trial. However, that defendant's testimony conflicted with the victim's is not determinative because conflicting testimony is not generally considered to be a ground for granting a new trial. *People v Morris*, 314 Mich App 399, 414; 886 NW2d 910 (2016). With regard to conflicting testimony, this Court has provided as follows:

> [c]onflicting testimony, even when impeached to some extent, is an insufficient ground for granting a new trial. [U]nless it can be said that directly contradictory testimony was so far impeached that it was deprived of all probative value or that the jury could not believe it, or [it] contradicted indisputable physical facts or defied physical realities, the trial court must defer to the jury's determination. [*Anderson*, 322 Mich App at 632, quoting *Musser*, 259 Mich App at 218-219.]

In this case, we cannot find that the contradictory testimony was so " . . . far impeached that it was deprived of probative value or the jury could not believe it . . . ." *Anderson*, 322 Mich App at 632. Accordingly, the jury's verdict was not against the great weight of the evidence, and the trial court properly denied defendant's motion for a new trial. There being no abuse of discretion, defendant is not entitled to relief on this issue.

Affirmed.

/s/ Christopher M. Murray
/s/ Stephen L. Borrello
/s/ Amy Ronayne Krause