*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

RONALD SCOTT,

        Defendant-Appellant.

UNPUBLISHED
January 24, 2019

No. 336815
Macomb Circuit Court
LC No. 2014-003902-FC

Before: BOONSTRA, P.J., and SAWYER and TUKEL, JJ.

SAWYER, J. (*concurring*).

I concur with the result reached by the majority because I agree that it is compelled by this Court's decision in *People v Washington*, 321 Mich App 276; 908 NW2d 924 (2017). But I write separately because I am not convinced that *Washington* correctly concluded that a violation of the automatic stay rule of MCR 7.305(C)(6)(a) involves a question of subject-matter jurisdiction. *Washington*, 321 Mich App at 285.

I recognize that *Washington* found support for its conclusion in our Supreme Court's decision in *People v Swafford*, 483 Mich 1, 6 n 5; 762 NW2d 902 (2009). While that footnote did state that the trial court lacked "proper jurisdiction to bring defendant to trial" because of MCR 7.302(C)(5), it did not specifically state nor analyze that it was a question of subject-matter jurisdiction. It was this Court's opinion in *Washington* that explicitly made it a matter of subject-matter jurisdiction.

I think that the better analysis is that, because this is a felony case, the trial court had subject-matter jurisdiction and the circuit court has subject-matter jurisdiction over felonies. In my view, MCR 7.302(C)(5) merely creates a stay that defendant had a right to insist that the trial court respect. But as such, it was incumbent upon defendant to raise the issue at the time that the trial court proceeded to violate the stay. By failing to do so, I agree with the prosecutor that the issue is not properly before this Court.

I would urge the prosecutor to seek leave to appeal to the Supreme Court to definitively resolve the question whether the automatic stay rule deprives the trial court of subject-matter

jurisdiction or whether it merely creates a right that a defendant must assert at the time that a trial court endeavors to violate the stay.

/s/ David H. Sawyer