*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

RONALD SCOTT,

        Defendant-Appellant.

UNPUBLISHED
January 24, 2019

No. 336815
Macomb Circuit Court
LC No. 2014-003902-FC

Before: BOONSTRA, P.J., and SAWYER and TUKEL, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of two counts of first-degree criminal sexual conduct, MCL 750.520b(1)(e) (sexual penetration while armed with a weapon). Defendant was sentenced as a second habitual offender, MCL 769.10, to two consecutive terms of 356 to 660 months' imprisonment. Because the trial court had been divested of jurisdiction to hear defendant's trial, we vacate defendant's convictions and sentences and remand for a new trial.

In a pretrial ruling, the trial court ruled other-acts evidence inadmissible. The prosecution filed an interlocutory appeal, and in an unpublished opinion, this Court reversed that decision and remanded for further proceedings. *People v Scott*, unpublished per curiam opinion of the Court of Appeals, issued September 20, 2016 (Docket No. 331512), p 3. On November 14, 2016, defendant filed a timely application for leave to appeal to the Michigan Supreme Court, which ultimately was denied. *People v Scott*, 500 Mich 935 (2017). Before the denial of defendant's application, however, on November 15, 2016, defendant's trial began. Defendant contends that court rules divested the trial court of subject-matter jurisdiction during the pendency of defendant's application for leave to appeal to the Michigan Supreme Court, and accordingly, that he is entitled to a new trial. We agree.

As a preliminary matter, the prosecution contends that this issue is unpreserved, and thus, should be limited to review for plain error affecting defendant's substantial rights. However, "[j]urisdictional defects may be raised at any time," *People v Martinez*, 211 Mich App 147, 149; 535 NW2d 236 (1995), "even if raised for the first time on appeal," *Smith v Smith*, 218 Mich

App 727, 730; 555 NW2d 271 (1996). Accordingly, "[w]hether a court has subject-matter jurisdiction is a question of law reviewed de novo." *People v Washington*, 321 Mich App 276, 284 n 5; 908 NW2d 924 (2017) (quotation marks and citation omitted). This Court also reviews de novo the interpretation and application of court rules. *Id*. at 282.

MCR 7.215(F)(1)(a) provides:

**(F) Execution and Enforcement.**

(1) *Routine Issuance.* Unless otherwise ordered by the Court of Appeals or the Supreme Court or as otherwise provided by these rules,

> (a) the Court of Appeals judgment is effective after the expiration of the time for filing an application for leave to appeal to the Supreme Court, or, if such an application is filed, after the disposition of the case by the Supreme Court[.]

Thus, to determine when a Court of Appeals judgement would become effective, one must determine the deadline for filing an application for leave to appeal to the Supreme Court. MCR 7.305(C) provides, in pertinent part:

> (6) *Decisions Remanding for Further Proceedings.* If the decision of the Court of Appeals remands the case to a lower court for further proceedings, an application for leave to appeal may be filed within . . . 56 days in criminal cases, after the date of
>
> > (a) the Court of Appeals order or opinion remanding the case[.]
>
> \* \* \*
>
> (7) *Effect of Appeal on Decision Remanding Case.* If a party appeals a decision that remands for further proceedings as provided in subrule (C)(5)(a),[1] the following provisions apply:
>
> > (a) If the Court of Appeals decision is a judgment under MCR 7.215(E)(1), an application for leave to appeal stays proceedings on remand unless the Court of Appeals or the Supreme court orders otherwise.

---

[1] We note that the reference to subsection (C)(5)(a) appears to be a clerical error. First, subsection (C)(5)(a) does not exist. Second, the substance of subsection (C)(7) is entirely related to subsection (C)(6)(a). Indeed, subsection (C)(6)(a) deals solely with orders remanding from this Court, and subsection (C)(7) is entitled "Effect of Appeal on Decision Remanding Case." Thus, the rule in subsection (C)(7) should be read to refer to "subrule (C)(6)(a)."

An opinion of this Court constitutes a judgment where it "disposes of an original action or an appeal, whether taken as of right, by leave granted, or by order in lieu of leave being granted." MCR 7.215(E)(1). Neither this Court nor the Supreme Court ordered that the proceedings not be stayed on remand. Thus, as this Court has held, a defendant's timely application for leave to appeal a judgment of this Court serves "to stay the proceedings on remand *and* divest[] the trial court of jurisdiction during the pendency of the application." *Washington*, 321 Mich App at 285 (emphasis added), citing *People v Swafford*, 483 Mich 1, 6 n 5; 762 NW2d 902 (2009).

The parties do not dispute that the September 20, 2016 unpublished opinion of this Court constituted a judgment within the meaning of MCR 7.215(E)(1), as the opinion resolved the other-acts evidence issue and disposed of the prosecution's interlocutory appeal. The prosecution also concedes that defendant had 56 days, or until November 15, 2016, to file his application for leave to appeal to the Supreme Court and that defendant filed his application on November 14, 2016. Nevertheless, the prosecution contends that defendant's application failed to effectuate a stay of proceedings because the application was not otherwise in compliance with other court rules. We disagree.

The prosecution relies upon MCR 7.305(A), which provides that in order to apply for leave to appeal, a party must file, among other things, "proof that a copy of the application was served on all other parties, and that a notice of the filing of the application was served on the clerks of the Court of Appeals and the trial court or tribunal." MCR 7.305(A)(3). The prosecution contends that neither it nor the Court received notice of defendant's application for leave to appeal until November 17, 2016 (when defendant's trial already was underway), and thus that defendant's application was untimely and failed to effectuate a stay of proceedings. The argument is not persuasive because nothing in the court rule provides a deadline by which a proof of service must be *received* by the interested parties. Instead, the court rule clearly requires that a proof of service must be *filed* at the Supreme Court, along with the application.[2] Presumably, the failure to comply with any of the requirements in MCR 7.305(A)(1)-(4) would result in a defective application. However, the record here shows that on November 14, 2014, along with his application for leave to appeal, defendant did, in fact, file a proof of service which showed that he mailed copies of his application to this Court, to the prosecution, and to the trial court. Thus, the requirements of MCR 7.305(A) were satisfied. Moreover, the prosecution provides no authority to suggest that *this* Court may question the procedural "effectiveness" of an application for leave to appeal to the Michigan Supreme Court, particularly where the Supreme Court *deemed the application satisfactory* by accepting it and denying it because it simply was not persuaded that the questions presented should be reviewed—not because the application was somehow procedurally defective. See *Scott*, 500 Mich at 935.

---

[2] Indeed, as noted, *infra*, defendant served the parties via mail, as permitted under MCR 2.107(C)(3). MCR 2.107(C)(3) further states, "Service by mail is complete at the time of mailing." Thus, when a recipient actually receives the mailing is not pertinent to determining when service was completed.

The prosecution also argues that defendant's appellate counsel waived review of the issue and harbored error as an appellate parachute by failing to properly inform defendant's trial counsel, the prosecution, or the trial court that an application for leave to appeal had been filed and the accompanying jurisdictional issue. Indeed, the facts of this case are peculiar, and defendant's appellate counsel could have avoided this issue entirely by clearly and expeditiously communicating with the parties and with the trial court.[3] However, defense counsel's conduct, even if deemed egregious, is not dispositive of the issue. That is because "[p]arties may not waive or stipulate subject-matter jurisdiction." *Redding v Redding*, 214 Mich App 639, 643; 543 NW2d 75 (1995). Thus, the prosecution's argument in this regard lacks merit.

Therefore, it is clear that under MCR 7.305(C)(7)(a), the application for leave to appeal to the Supreme Court *automatically* stayed the proceedings on remand, and the trial court consequently lacked jurisdiction to proceed with defendant's trial. Although the Michigan Supreme Court eventually denied defendant's application for leave to appeal, thereby leaving this Court's prior ruling in place allowing the admission of the other-acts evidence, which results in any new trial also being subject to the exact same ruling that was utilized in defendant's old trial, we nevertheless cannot let the result of the trial stand. The lack of jurisdiction is not a mere procedural error or an error susceptible to a harmless-error analysis. See *Washington*, 321 Mich App at 285 (stating that a court's lack of jurisdiction is "not merely procedural error"); *Usitalo v Landon*, 299 Mich App 222, 228; 829 NW2d 359 (2012) ("[A] proven lack of subject-matter jurisdiction renders a judgment void."); *Yee v Shiawassee Co Bd of Commr's*, 251 Mich App 379, 399; 651 NW2d 756 (2002) ("[W]ant of subject-matter jurisdiction is so serious a defect in the proceedings that the trial court was duty-bound to dismiss [the] suit . . . ."). Indeed,

> [t]he term jurisdiction refers to the power of a court to act and the authority a court has to hear and determine a case. Jurisdiction of the subject matter of a judicial proceeding is an absolute requirement. When a court is without jurisdiction of the subject matter, its acts and proceedings are of no force and validity; they are a mere nullity and are void. [*Washington*, 321 Mich App at 285 (quotation marks and citations omitted).]

Thus, the trial court lacked jurisdiction to conduct proceedings during the pendency of defendant's application for leave to appeal, and thus defendant's trial and the resulting judgment of sentence "lack force and authority and are considered void." *Id*.

Because the trial court lacked subject-matter jurisdiction when it presided over defendant's trial, the resulting proceedings and judgment of sentence are null and void, and defendant is entitled to a new trial. Because we are remanding for a new trial, we need not reach

---

[3] We note, however, it cannot be said that the trial court completely lacked notice of defendant's application for leave to appeal. The trial judge himself appointed appellate counsel for defendant to perfect the appeal to the Supreme Court. In the order appointing counsel, the trial court instructed the appellate attorney "TO FILE LEAVE TO THE MICHIGAN SUPREME COURT *AND* TO SEEK A STAY OF PROCEEDINGS." (Emphasis added.)

-4-

the other issues raised by defendant.

We vacate defendant's convictions and sentences and remand for a new trial. We do not retain jurisdiction.

/s/ Mark T. Boonstra
/s/ Jonathan Tukel