*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
June 18, 2020

Plaintiff-Appellee,

v

No. 346972
Oakland Circuit Court
LC No. 1999-166893-FC

DELPHON LOUIS CALHOUN,

Defendant-Appellant.

Before: STEPHENS, P.J., and CAVANAGH and SERVITTO, JJ.

PER CURIAM.

Defendant, Delphon Louis Calhoun, appeals by delayed leave granted the trial court's order denying his successive motion for relief from judgement. We affirm.

In 1999, a jury convicted defendant of one count each of assault with intent to commit murder, (MCL 750.83); assault with intent to do great bodily harm less than murder, (MCL 750.84); felon-in-possession of a firearm, (MCL 750.224f); and two counts of felony-firearm, (MCL 750.227b). In October 1999, the court sentenced defendant to 30 to 60 years' imprisonment for assault with intent to commit murder, six years and 11 months to 15 years for assault with intent to commit great bodily harm less than murder, 3 to 7 ½ years for felon-in-possession, and 2 years for each felony-firearm conviction. Relevant to the instant matter, at sentencing, the trial court sua sponte opined that prior record variable (PRV) 5 was incorrectly scored at 10 points when, based on defendant's criminal record, it should have been scored at 15 points. The prosecutor agreed and defendant lodged no objection.

After sentencing, defendant moved for a new trial and/or JNOV, which the trial court denied. Defendant thereafter filed a claim of appeal in which he claimed instructional error, prosecutorial misconduct, error regarding the court's handling of a stipulation pertaining to his previous felony conviction, and abuse of discretion by the trial court in permitting the prosecutor to question him about an alleged threat of a witness. This Court rejected defendant's arguments and affirmed his convictions. *People v Calhoun*, unpublished per curiam opinion of the Court of Appeals, issued February 19, 2002 (Docket No. 227622).

Defendant next moved for relief from judgment in the trial court asserting newly discovered evidence. Defendant also asserted ineffective assistance of trial counsel and ineffective assistance of appellate counsel. The court denied that motion and Defendant unsuccessfully sought leave to appeal the denial of his motion in this Court. *People v Calhoun*, unpublished order of the Court of Appeals, entered November 22, 2011 (Docket No. 303767).

On June 22, 2018, defendant filed a successive motion for relief from judgment in the trial court, which resulted in the opinion and order that is the subject of the current appeal. In the motion, defendant asserted that in calculating his sentencing guidelines, specifically with respect to PRV 5, the sentencing court counted four misdemeanor convictions that were obtained in the absence of counsel or a valid waiver of the right to counsel. He argued that even though he did not satisfy the exceptions to the prohibition on successive motions for relief from judgment—a retroactive change in the law or new evidence—he could file such a motion based on a jurisdictional defect in his sentence, which he claims existed here. Defendant also argued that trial counsel was ineffective for failing to object to the scoring of PRV 5, and that he was entitled to resentencing based on the erroneous scoring of PRV 5 and because his sentence was disproportionate (and made more so by the allegedly incorrect scoring). The trial court denied the motion on June 26, 2018, concluding that it lacked the authority to grant defendant's motion under MCR 6.502.

Defendant thereafter filed a delayed application for leave to appeal the trial court's June 26, 2018 opinion and order. This Court granted the application, limiting the appeal to the issues raised in the application and supporting brief. *People v Calhoun*, unpublished order of the Court of Appeals, issued April 25, 2019 (Docket No. 346972).

On appeal, defendant first asserts that the trial court erred in denying his motion for relief from judgment because four of his prior misdemeanor convictions that the trial court counted for purposes of scoring PRV 5 were obtained without counsel or a valid waiver of counsel and should therefore not have been counted. We disagree.

We review a trial court's decision on a motion for relief from judgment for an abuse of discretion, and its findings of facts supporting its decision for clear error. *People v McSwain*, 259 Mich App 654, 681; 676 NW2d 236 (2003). A trial court abuses its discretion when it makes an error of law, *People v Giovannini*, 271 Mich App 409, 417; 722 NW2d 237 (2006), or its decision falls outside the range of reasonable and principled outcomes. *People v Unger*, 278 Mich App 210, 217; 749 NW2d 272 (2008). The interpretation of a court rule is a question of law that we review de novo. *People v Hawkins*, 468 Mich 488, 497; 668 NW2d 602 (2003).

Motions for relief from judgment are governed by MCR 6.502. The interpretation of a court rule is governed by the same principles governing statutory construction. *People v Buie*, 285 Mich App 401, 416; 775 NW2d 817 (2009). The goal of rule interpretation is to give effect to the intent of the author of the rules—here, our Supreme Court. *Id.*; *People v Orr*, 275 Mich App 587, 595; 739 NW2d 385 (2007).

Relevant to the instant matter, MCR 6.502 provides:

(G) **Successive Motions**.

(1) Except as provided in subrule (G)(2), regardless of whether a defendant has previously filed a motion for relief from judgment, after August 1, 1995, one and only one motion for relief from judgment may be filed with regard to a conviction. The court shall return without filing any successive motions for relief from judgment. A defendant may not appeal the denial or rejection of a successive motion.

(2) A defendant may file a second or subsequent motion based on a retroactive change in law that occurred after the first motion for relief from judgment or a claim of new evidence that was not discovered before the first such motion. The clerk shall refer a successive motion that asserts that one of these exceptions is applicable to the judge to whom the case is assigned for a determination whether the motion is within one of the exceptions.

There is no dispute that this is defendant's second, and thus successive, motion for relief from judgment. Thus, pursuant to the plain language of MCR 6.502(G)(1), "defendant may not appeal the denial" of that motion to this Court. Defendant's argument thus fails in this Court from the outset.

Moreover, pursuant to MCR 6.502(G)(2), a successive motion for relief from judgment is permissible only where such motion is premised upon either a retroactive change in law that occurred after the first motion for relief from judgment, or a claim of new evidence that was not discovered before the first such motion. Defendant has not asserted that either circumstance applies to his case. That being so, defendant was not and is not permitted to file the successive motion for relief from judgment and the trial court properly denied the motion pursuant to MCR 6.502.

Defendant, nevertheless, contends that jurisdictional defects may be raised at any time and that the erroneous calculation of PRV 5 is such a jurisdictional defect. Because the trial court denied defendant's current motion for relief from judgment based on its determination that he did not establish one of the exceptions for filing a successive motion pursuant to MCR 6.502, defendant asserts that the court erred because it was allowed to, and indeed, should have found that meeting one of the exceptions was not necessary for him to assert his jurisdictional defect claim. Defendant relies primarily upon MCR 6.508(D)(3) to support his position.

MCR 6.508(D)(3) states, in relevant part, that the court may not grant a defendant's motion for relief from judgment if it:

alleges grounds for relief, other than jurisdictional defects, which could have been raised on appeal from the conviction and sentence or in a prior motion under this subchapter, unless the defendant demonstrates

(a) good cause for the failure to raise such grounds on appeal or in the prior motion, and

(b) actual prejudice from the alleged irregularities that support the claim for relief . . . .

Defendant argues that the language "other than jurisdictional defects" in MCR 6.508(D)(3) creates an exception from the general rules prohibiting relief from judgment. Notably, however, 6.508(D)(3) concerns the procedure for motions for relief from judgment in general, whereas MCR 6.502(G) specifically address *successive* motions for relief from judgment and does not contain the jurisdictional language relied upon by defendant. MCR 1.103 provides that, "[r]ules stated to be applicable only in a specific court or only to a specific type of proceeding apply only to that court or to that type of proceeding and control over general rules." Thus, an argument could be made that MCR 6.508(D)(3) does not apply to successive motions for relief from judgment.

Defendant cites to *People v Washington*, 321 Mich App 276, 286-287; 908 NW2d 924 (2017), to suggest that he may raise his issue as a jurisdictional defect, even in a successive motion for relief from judgment. However, our Supreme Court vacated the *Washington* decision (*People v Washington*, 503 Mich 1030; 926 NW2d 806 (2019)) and remanded the matter to this Court for reconsideration. This Court's decision on remand does not support defendant's position.

On remand, this Court noted that the defendant appealed his trial court convictions and sentences to this Court, and this Court remanded the matter to the trial court for resentencing, but affirmed his convictions. *People v Washington*, __ Mich App__; __NW2d __ (2019). Thereafter, defendant filed an application for leave to appeal this Court's decision with our Supreme Court. *Id.*, slip op at 2. While the application was still pending, the trial court resentenced defendant in response to this Court's remand order. *Id.* slip op at 2.

> The trial court therefore acted in response to a judgment from this Court that was not yet effective. MCR 7.215(F)(1)(a). Although defendant did not make issue of this irregularity in his first motion for relief from judgment, several years later defendant persuaded the trial court to vacate his sentence for that reason in a successive motion for relief from judgment. [*Id.*]

"Defendant challenged his sentences on jurisdictional grounds, arguing that the trial court's October 4, 2006 order after resentencing was invalid because the court lacked jurisdiction to resentence defendant while his application remained pending before the Michigan Supreme Court." *Id.*, slip op at 2. This Court disagreed, noting:

> There is a wide difference between a want of jurisdiction in which case the court has no power to adjudicate at all, and a mistake in the exercise of undoubted jurisdiction in which case the action of the trial court is not void although it may be subject to direct attack on appeal. This fundamental distinction runs through all the cases. [*Id.*, slip op at 4, quoting *Buczkowski v Buczkowski*, 351 Mich 216, 222; 88 NW2d 416 (1958)]

Ultimately, this Court concluded:

> . . . the timing error at issue was not a structural error occasioned by a lack of subject-matter jurisdiction. Rather, the error was merely procedural in nature, occasioned by premature activity. We further conclude that this error was rendered harmless by the lack of any objection. Such an unpreserved error is not grounds

for granting posttrial relief, either in the form of relief from judgment under MCR 6.502(G), or an order effectuating the court's jurisdiction or judgments under MCL 600.611." [*Id*., slip op at 5.]

Defendant has not asserted a timing issue such as that addressed in *Washington, supra*. Moreover, *Washington* appears to suggest that even an act undertaken by a trial court without current authority to do so does not rise to the level of a jurisdictional issue.

Defendant also relies on *People v Carpentier*, 446 Mich 19, 23; 521 NW2d 195, 197 (1994). However, in *Carpentier*, the asserted jurisdictional defect stemmed from the use of juvenile adjudications for purposes of subsequent recidivist sentencing where the juvenile records had been expunged. *Id*. at 23. That is not the factual scenario before this Court. More significantly, *Carpentier* dealt with a first motion for relief from judgment pursuant to MCR 6.508, while the instant matter deals with a successive motion for relief under MCR 6.502.

*Carpentier* relied heavily upon *Gideon v Wainwright*, 372 US 335; 83 S Ct 792 (1963). *Gideon* stands for the long-recognized principle that in all criminal prosecutions, the accused has the right to the assistance of counsel. In that case, the defendant was charged with a felony. He appeared in court and, having no funds to obtain a lawyer at his own expense, requested that the trial court appoint counsel to him. *Id*. at 336-337. The trial court refused to appoint counsel. *Id*. at 337. After a jury trial, at which the defendant represented himself, the defendant filed a habeas corpus petition attacking his conviction and sentence on the ground that the trial court's refusal to appoint counsel for him denied him rights "guaranteed by the Constitution and the Bill of Rights by the United States Government." *Id*. at 337. The Supreme Court agreed and reversed his conviction.

The instant matter differs from *Gideon* in several respects. First, after his jury trial conviction the defendant in *Gideon* immediately sought habeus relief for his constitutional violation of the right to have counsel present. Here, in contrast, defendant filed a motion for a new trial, a motion for relief from judgment, and appealed his convictions to this Court. In none of these proceedings did defendant ever raise the issue of a potential *Gideon* violation. Instead, it is not until 20 years later that defendant raises an alleged *Gideon* violation in a successive motion for relief from judgment. Second, and most importantly, where it is and was obvious and plain through the transcripts provided that the defendant in *Gideon* was specifically denied his request for counsel, the same is not at all apparent here.

The Due Process Clause of US Const, Am XIV forbids a trial court from enhancing a defendant's sentence based on convictions for which the court violated the defendant's right to trial counsel. *United States v Tucker*, 404 US 443, 593; 92 S Ct 589; 30 L Ed 2d 592 (1972); *People v Moore*, 391 Mich 426, 438; 216 NW2d 770 (1974). A court may not use a prior misdemeanor conviction, where a jail sentence was imposed, to enhance a defendant's new sentence, unless the defendant had or waived counsel for the prior conviction. *People v Reichenbach*, 459 Mich 109, 124-125; 587 NW2d 1 (1998).

In *Carpentier*, our Supreme Court held that defendants collaterally challenging prior convictions allegedly procured in violation of *Gideon*[1] bear the initial burden of proof and may satisfy this burden by presenting prima facie proof that previous conviction was violative of *Gideon*, such as docket entry showing absence of counsel or transcript evidencing the same, or evidence that defendant requested such records from sentencing court and court either failed to reply to request or refused to furnish copies of records. *Id*. at 31. Unlike in *Carpentier*, defendant here presented neither (1) prima facie proof that his prior juvenile adjudications were procured in violation of *Gideon*, nor (2) evidence that his request for such proof was refused by the sentencing court, or that the sentencing court failed to reply to his request. He has thus failed to satisfy his initial burden of showing that the circuit court erred by relying on prior adjudications in which he was allegedly not represented by counsel for purposes of sentencing.

In *People v Alexander*, 207 Mich App 227, 230; 523 NW2d 653 (1994), this Court accepted as sufficient evidence for a hearing the defendant's presentence investigation report (PSIR) "contain[ing] a notation" that one of his juvenile adjudications was obtained when the defendant "was without counsel." While defendant similarly presents his PSIR as prima facie evidence to support his claim that several of the prior misdemeanor convictions that the court considered in scoring PRV 5 were obtained without the benefit of counsel, there is no affirmative notation anywhere in his PSIR that defendant "was without counsel" for his convictions. Defendant's PSIR merely lists defendant's misdemeanor convictions and indicates whether an attorney was "present" for each of his convictions. Contrary to defendant's assertion, the PSIR did not establish "definitively" that he did not have counsel present. An indication that no counsel was present does not *necessarily* mean that defendant, like the defendant in *Gideon*, requested the appointment of counsel and was denied. The "not present" connotation could mean that defendant waived his right to counsel, or that counsel was appointed and defendant waived the right to have counsel present during certain proceedings. There is simply no way to tell. Further, defendant has offered no affidavit stating that he was denied counsel or otherwise unrepresented for purposes of the prior convictions, nor any court records to establish his claims. Again, defendant bears the burden of proof in presenting prima facie proof that the previous convictions were violative of *Gideon* and a *Gideon* violation occurs when one is *denied* the right to counsel, not simply when counsel was not "present."

In *People v Swain*, 288 Mich App 609, 626; 794 NW2d 92 (2010), this Court specifically addressed "whether the trial court erroneously concluded that MCR 6.508(D)(3) provides a 'limited additional exception' for when a defendant may file a successive motion for relief from judgment." Ultimately, this Court held "that MCR 6.502(G)(2) provides the only two exceptions to the prohibition of successive motions." *Id*. at 632. We acknowledge that the Court in *Swain* focused on the "good cause" and "actual prejudice" requirements of MCR 6.508(D)(3) and determined that they do not provide an exception to the prohibition on successive motions for relief from judgment. *Id*. at 632, 635. However, the *Swain* Court also affirmatively stated:

> There are only two exceptions to the general prohibition: the successive motion (1) is "based on a retroactive change in the law that occurred after the first motion for

relief from judgment" or (2) is based on "a claim of new evidence that was not discovered before the first such motion." MCR 6.502(G)(2). Only after the trial court has determined that the successive motion falls within one of the two exceptions do MCR 6.508 and the "good cause" and "actual prejudice" requirements of MCR 6.508(D)(3) become relevant. [*Id*. at 635-636]

Thus, the very first step in evaluating *any* successive motion or relief from judgment is to determine whether it falls within one of the two specifically identified exceptions. Moreover, in *Swain*, the defendant argued the merits of his successive motion for relief from judgement under MCR 6.502(G)(2), and alleging newly discovered evidence. That is not the case in this matter. The trial court properly denied defendant's successive motion for relief from judgment.

Defendant additionally asserts that trial counsel was ineffective for not objecting to the assessment 15 of points for PRV 5, and further that the lack of objection prejudiced him. The test for determining ineffective assistance is: whether "counsel's performance was deficient," and if so, whether his "deficient performance prejudiced the defense." *People v LaVearn*, 448 Mich 207, 213; 528 NW2d 721 (1995) (quoting *Strickland v Washington*, 466 US 668, 687; 104 S Ct 2052; 80 L Ed 2d 674 (1984). Counsel's performance is deficient if it falls "below an objective standard of reasonableness under prevailing professional norms." *People v Stanaway*, 446 Mich 643, 687; 521 NW2d 557 (1994). The defendant is prejudiced where "there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *Id.* at 687.

Here, because defendant cannot establish that PRV 5 was mis-scored, he cannot establish ineffective assistance of counsel nor prejudice. "Failing to advance a meritless argument or raise a futile objection does not constitute ineffective assistance of counsel." *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010).

Defendant also argues that the trial judge violated principles of proportionality in imposing sentence because it articulated and relied on factors already considered in the guidelines, and also relied on inaccurate information and that appellate counsel was ineffective for failing to raise this issue on direct appeal. Defendant raised the issue of proportionality in his successive motion for relief from judgment in the trial court. The trial court, however, did not consider this issue because it found that defendant was not entitled to file a successive motion for relief from judgment. The trial court did not abuse its discretion in this determination, as thoroughly explained above.

Affirmed.

/s/ Cynthia Diane Stephens
/s/ Mark J. Cavanagh
/s/ Deborah A. Servitto

-7-